[Crim. No. 768. In Bank.—December 13, 1901.]

## THE PEOPLE, Respondent, v. W. D. MILLER, Appellant.

CRIMINAL LAW—HOMICIDE—EVIDENCE—VOLUNTARY CONFESSION OF REASON FOR KILLING—STATEMENT UNDER ARREST.—Upon a prosecution for murder, a statement made by the defendant while under arrest, in answer to a question asked by a fellow-workman of the defendant, that the deceased "was on his row and throwing clods at him, and that he told him to get off, and he would not get off, and he got mad and shot him," is admissible as a confession, if shown to have been voluntary. The fact that the statement was made while under arrest does not take away the voluntary character of the confession or render it inadmissible.

ID. — PRELIMINARY PROOF OF VOLUNTARINESS — CROSS-EXAMINATION— ERROR WITHOUT PREJUDICE.—Before a confession of the defendant can be admitted, the prosecution must show that it was voluntary, and made without any previous inducement, intimidation, or threat, and it is error not to permit the defendant to cross-examine the witness upon the preliminary inquiry, before the confession is received; but such error is without prejudice where a subsequent cross-examination failed to show that the confession was not voluntary, or to impeach the previous statement of the witness that it was voluntary.

ID.—BULLET-WOUND IN HEAD OF DEFENDANT—POSSESSION OF FACULTIES —WEIGHT OF CONFESSION.—Evidence tending to show that, at the

time of the confession, the defendant was not in the full possession of his faculties, by reason of a bullet-wound in his head, does not go to the admissibility of the confession, but was evidence to be considered by the jury in determining the weight or effect to be given to it.

APPEAL from a judgment of the Superior Court of Alameda County. W. E. Greene, Judge.

The facts are stated in the opinion of the court.

J. E. McElroy, and Dudley Kinsell, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

HARRISON, J.—The appellant was convicted of manslaughter and sentenced to imprisonment in the state prison for ten years, and has appealed therefrom. The only question presented upon the appeal is the correctness of the ruling of the superior court upon the admission in evidence of certain statements of the defendant made while he was under arrest.

It appears from the bill of exceptions that about a quarter after 11 o'clock in the evening after the homicide the defendant was asked why he killed old man McFarland in the morning, and replied " that he was on his row and throwing clods at him, and he told him to get off, and he would not get off, and he got mad and shot him." At the time he was asked the question and made the statement he was lying on the ground in front of his tent, and was under arrest and in charge of an officer. There were a number of his fellow-workmen present, and several were questioning him at once. One of those present, the witness Terry, said, "Gentlemen, let one man ask him a question, if anybody wants to ask him," whereupon Jones, one of those present, asked the defendant the above question, to which the defendant made the above statement. Before giving the statement of the defendant, the witness Terry had testified in answer to questions by the district-attorney, that the statement by the defendant was free and voluntary on his part, and that there had been no threats or offer of reward or immunity from punishment, nor did any one tell him it would be better for him to make a statement, or worse if he did not, or try to induce him to make a statement.

Upon his being thereupon asked to give the statement, the counsel for the defendant requested permission to ask the witness some questions showing the conditions under which the statement was made. The court declined to grant this request, saying that they could question him upon cross-examination. The court also made a similar ruling during the examination of the witness Jones.

Before any confession of a defendant can be offered in evidence, it must be shown by the prosecution that it was voluntary, and made without any previous inducement or by reason of any intimidation or threat. This is a preliminary question upon the admissibility of the testimony, addressed to the court, and to be determined by it, and not by the jury.' Upon such preliminary inquiry the court should permit a cross-examination of the witness, for the purpose of showing the particular circumstances under which the confession was made, before permitting the confession itself to be given in evidence. A refusal to permit such cross-examination will not, however, justify a reversal of the judgment, when it appears from the record that the defendant was not prejudiced thereby. If the cross-examination of the witness after the confession has been given in evidence fails to show that it was not given voluntarily, or fails to impeach his previous testimony in that respect, it is evident that the defendant was not prejudiced by being refused a prior cross-examination. The only additional facts shown on the cross-examination of the witness Terry were, that the defendant was under arrest at the time the confession was made, and that there was a crowd of about fifty people there, and that the officer in whose charge he was declared to one of them that he would protect his prisoner. It was not shown that there was any manifestation by the people against the defendant, or any threats towards him on the part of any one, and the mere fact of his being under arrest did not take away the voluntary character of his confession or render it inadmissible. .(*People* v. *Devine,* 46 Cal. 46.) Cross-examination of the witness Jones failed to elicit anything tending to contradict his previous testimony as to the voluntary character of the confession.

Testimony was given upon the cross-examination, and also by other witnesses, tending to show that by reason of a bullet-wound in his head the defendant was not in the full posses-

sion of his faculties at the time he made the statement in reply to Jones. This, however, did not affect the admissibility in evidence of the confession itself, but was evidence to be considered by the jury in determining the weight or effect to be given to it.

The judgment is affirmed.

Garoutte, J., Van Dyke, J., Beatty, C. J., McFarland, J., Henshaw, J., and Temple, J., concurred.