[Criminal No. 372.   Filed September 18, 1915.]

[151 Pac. 738.]

## W. W. KERMEEN, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY.—Whether a confession was free and voluntary is a preliminary question addressed to the trial court, which tribunal is clothed with considerable discretion in determining it.

2. CRIMINAL LAW—EVIDENCE—CONFESSIONS—VOLUNTARY CONFESSIONS. Accused, while being carried back to the state, was informed of the danger of mob violence. The officer suggested that, if he made a confession, there would be no necessity for taking him to the place of crime. Accused made an oral confession, and was removed from the train at a point before they reached the scene of the crime. There the sheriff requested him to make a written confession, informing him that he did not intend to take him to the scene of the crime, and that if he made a confession it would be used against him. Accused made a written confession, which he signed as being free and voluntary. *Held*, that such confession was properly received in evidence, and accused cannot complain, particularly where the court also submitted to the jury whether it was voluntary.

[As to admissibility of confessions of accused, see notes in 6 Am. St. Rep. 242; 19 Am. St. Rep. 814; 73 Am. St. Rep. 943.]

APPEAL from a judgment of the Superior Court of the County of Cochise.   A. C. Lockwood, Judge.   Affirmed.

Mr. Lyman H. Hays, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. Leslie C. Hardy, Assistant Attorney General, for the State.

CUNNINGHAM, J.—The appellant was convicted of murder of the first degree and his punishment fixed at death, from which judgment he appeals.

Appellant was arrested at El Paso, Texas, and while in the custody of an officer, returning to Arizona, was informed by the officer that a danger of mob violence awaited his return to Lowell or to Bisbee, and the officer stated to him, if he would make a statement of the circumstances of the homicide, that it would not then be· necessary to take him to Lowell or·

to Bisbee for a preliminary examination of the charge, and place him in a situation where the mob could get him, but that he would be taken to Tombstone, out of the probable reach of the mob. The accused made a full confession of his guilt to the officer. When the train upon which they were traveling reached Douglas, the officer removed his prisoner from the train and held him at Douglas in order to avoid taking him to Lowell or Bisbee. The sheriff of Cochise county was at Douglas, or went to Douglas, for the purpose of protecting the prisoner from mob violence at Lowell or Bisbee. The officer informed the sheriff of the prisoner's confession to him en route to Douglas from El Paso, and informed the sheriff of the information given the prisoner concerning the dangers possibly awaiting him at Bisbee and Lowell, and the promise made if a statement of the homicide was made by the prisoner that then no necessity to take the prisoner to Bisbee or Lowell for a preliminary examination would exist, and he could be taken direct to the county seat at Tombstone. With these facts in mind the sheriff took the custody of the prisoner, and excused the other officers from the room, and had a long talk with the prisoner about the homicide. The prisoner was informed during the time in question that the sheriff did not intend to take the prisoner to Lowell or Bisbee on account of the fear of the mob; that he was then held at Douglas to avoid Lowell and Bisbee. He asked the prisoner to give him a written confession, and informed the prisoner that anything the prisoner might write would be used against him on the trial, and that the whole purpose of the written confession was to use it on the trial against the prisoner, and that unless the written confession was voluntarily made by the prisoner it would be of no value as evidence; and the sheriff asked the prisoner to write on the margin of the paper on which the confession was written by the prisoner words to the effect that the confession was voluntary. This the prisoner did without hesitation. The written confession states, in substance, that the prisoner went hunting with Harrell, and through some trance that came over accused he took Harrell's rifle and shot Harrell once, and then Harrell called him a vile name, and he shot another time. Then he took Harrells' ring and watch, and pawned the ring at Bisbee and the watch at El Paso. He then stated that he wished the people at Bisbee

to understand his case as he had not intended to kill Harrell when he left with him for the hunt.

The court, on the objection of the defendant, rejected the offer of the state to prove the oral confession of the accused made to the officer delivering the prisoner at Douglas upon the grounds that the confession was not voluntary, but induced by promises to protect him from mob violence. The written confession was offered, and, over the objection of the defendant, was admitted as a complete confession voluntarily made and competent evidence. The appellant relies only upon the erroneous admission of this confession for a reversal.

The rule of the admissibility of the confession is that:

"The court should determine, prior to permitting the confession to go to the jury, whether it was or was not voluntary." 12 Cyc. 481, and note 20.

"The question whether a confession is free and voluntary is a preliminary one addressed to the trial court (*People* v. *Miller*, 135 Cal. 69, 67 Pac. 12), and that court is clothed with a considerable amount of discretion in determining it (*People* v. *Suesser*, 142 Cal. 361, 75 Pac. 1093). . . . " *People* v. *Loper*, 159 Cal. 6, Ann. Cas. 1912B, 1193, 112 Pac. 720.

As a preliminary question the court determined that the confession was free and voluntary and admitted it. The court instructed the jury to consider the confession as they would consider any other testimony, and accept or reject the evidence as they might determine its truth or falsity. Then the court added the following instruction:

"In regard to the evidence of the confession of the defendant made to the sheriff, if you believe there was any such confession made, and you find that such confession was freely and voluntarily made by the defendant, after he had been cautioned that such confession might be used against him, then you will consider the same; but if you believe that the defendant made such confession, but it is not shown to be freely and voluntarily made, or if it be shown by the evidence to have been made upon compulsion or persuasion, or under such undue influence as to extort the same, then I charge you that you will reject it from your consideration in making up your verdict in this case."

This instruction leaves to the jury the question of whether, in fact, the confession was made freely and voluntarily. The court had previously determined that fact as a preliminary question bearing upon the admissibility of the confession. The court gave the jury the right to reject the evidence as unworthy of belief in case they should determine that it was not freely and voluntarily made. Thus the defendant was awarded two decisions on the question whether the confession was made freely and voluntarily—one by the court, and one by the jury. The first only is reviewable, and reviewable only upon a showing in the record that the sound legal discretion residing in the breast of the trial court has clearly been abused. Can it be said that a confession has been extorted by fear or promise of favor, when, as here, the sheriff told the accused that he must expect the writing to be used against him, that the very purpose of the writing was to procure evidence of guilt, that unless it was voluntarily made it would be useless, and then the accused wrote on the margin a statement to the effect that it was made voluntarily? The confession states that the act was done under the influence of a trance, thus attempting to justify the act and arouse a feeling in favor of the prisoner—a circumstance of itself tending to show a motive for making the confession.

Clearly, the discretion of the court was not abused in admitting the confession in evidence.

The appellant has complained of no other action of the court as prejudicing his rights, and a careful consideration of the record has disclosed none.

The judgment of conviction is affirmed, and judgment is hereby entered fixing the time when the original sentence of death shall be executed as required by section 1177 of the Penal Code of Arizona of 1913.

Affirmed.

ROSS, C. J., and FRANKLIN, J., concur.

As to when a confession is voluntary and its admissibility in evidence, see notes in 18 L. R. A. (N. S.) 772; 50 L. R. A. (N. S.) 1077.