[Criminal No. 527.　Filed June 16, 1922.]

[207 Pac. 465.]

## GEORGE O. LAUB and RUBY LAUB, Appellants, v. STATE, Respondent.

1. CRIMINAL LAW—ADMISSION OF CONFESSION NOT ERROR.—In a prosecution for robbery, a confession obtained by the statement of a police officer to defendants that it would be best for them to tell the truth was properly admitted in evidence.

2. CRIMINAL LAW—QUESTION OF WHETHER CONFESSION IS VOLUNTARY IS FOR THE TRIAL JUDGE.—Whether the confession of an accused person is voluntary is for the trial judge.

3. CRIMINAL LAW—IN CONSIDERING ADMISSION OF CONFESSION, EVIDENCE SHOULD BE EXAMINED TO DETERMINE PROBABLE TRUTH OF STATEMENT.—In passing upon the admission of a confession, and in all cases involving the admissibility of statements questioned as to their voluntary character as confessions, the evidence should be examined in its entirety to ascertain whether, under all the circumstances, it is probable that the temptation or inducement to speak falsely was so great as to render the offered statement untrustworthy.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Mr. William J. Fellows and Mr. Thos. J. Croaff, for Appellants.

---

When confession is admissible though made to an officer, note, 57 Am. Rep. 839.

On the question as to admissibility of confession in evidence, see notes in 18 L. R. A. (N. S.) 771; 50 L. R. A. (N. S.) 1077.

Mr. W. J. Galbraith, Attorney General, and Mr. R. E. L. Shepherd, County Attorney, for the State.

FLANIGAN, J.—The appellants, husband and wife, were jointly charged by the county attorney of Maricopa county with the crime of robbery. During the trial of the cause the state offered and the court admitted, over the objections of appellants, two written confessions subscribed, respectively, by each of the appellants, reciting the circumstances of the crime. The jury found the defendants guilty as charged, and from the judgment entered upon the verdict this appeal is taken.

The first assignment of error is that the court erred in admitting the purported confessions in evidence, for the reason that the same were not voluntary. It is argued that the testimony of the defendants shows that the arresting officers used coercion, threats, duress and deception to secure the confessions; and reliance for reversal is especially placed upon the statement made to appellants by police officer Crowe, who was present when the confessions were made, that it would be best for them to tell the truth, this being, it is claimed, such an inducement and hope of favor and reward to the appellants by one in authority as would render the alleged confessions involuntary.

Whether a statement by an accused person is to be considered the free expression of the circumstances of his guilt, and therefore a voluntary confession, or, on the other hand, involuntary, as being in fact induced or obtained by means which render it untrustworthy as evidence, is to be determined when the confession is offered by the judge of the trial court upon a preliminary investigation into the circumstances surrounding the confession. 1 R. C. L., p. 579. See, also, on this point, *Berry* v. *State,* 4

Okl. Cr. 202, 31 L. R. A. (N. S.) 849, 111 Pac. 676, and *Kermcen* v. *State,* 17 Ariz. 263, 151 Pac. 738.

There are many cases which hold that the mere statement to the accused that it would be better for him to tell the truth constitutes such an inducement as will make a confession obtained in consequence of it involuntary. Upon the theory that the accused, although advised to tell the truth, supposes that what the authorities mean is that he is to say he is guilty, in other words, that the advice is equivalent to advice to confess, and this, coupled with the statement that it would be better for the accused to do so, supplies the inducement which is supposed to render the statement untrustworthy, many of the authorities, especially some English cases, hold that a confession so procured is inadmissible. See annotation to *Ammons* v. *State,* 80 Miss. 592, 92 Am. St. Rep. 607, 18 L. R. A. (N. S.) 768, at page 816, 32 South. 9. The decisions, numerically, and in our firm conviction the better reason, are with the proposition that the use of the language referred to does not in itself vitiate a confession so prompted.

"On principle, the advice by any person whatever that it would be better to tell the truth cannot possibly vitiate the confession, since by hypothesis the worst that it can evoke is the truth, and there is thus no risk of accepting a false confession. The confessor is not obliged to choose between silence and a false confession having powerful advantages; the advantages are attached to the utterance of the truth, and, however tempting we may suppose them to be, there is nothing in the nature of the temptation to make the statement untrustworthy; for if it has availed at all, it has availed to bring out the truth." 1 Wigmore on Evidence, sec. 832.

See, also, cited notes to *Ammons* v. *State, supra,* and *Roman* v. *State,* 23 Ariz. 67, 201 Pac. 551–554.

In the decision last cited it is recognized that the

circumstances may be such that the adjuration to an accused person "that it will be better to tell the truth" may imply or convey such a threat or promise as will, if it induces a confession, render it inadmissible in evidence. The real question must therefore be whether, considering all the circumstances, the statement offered as a confession may be relied upon as probably stating the truth. The language used is but a circumstance, though an important one, which may or may not be determinative of the question.

In this case, therefore—as in all cases involving the admissibility of statements questioned as to their voluntary character as confessions—the evidence should be examined in its entirety to ascertain whether under all the circumstances it is probable that the temptation or inducement to speak falsely was so great as to render the offered statement untrustworthy. *Roman* v. *State, supra.* We have accordingly examined very carefully the evidence taken at the time the confessions were offered, to ascertain whether error was committed in admitting them. The appellants were given unrestricted and full opportunity to present to the judge and jury all testimony offered by them tending to show that the confessions were induced by the unfair means they alleged. We apprehend that no useful purpose will be subserved by detailing the evidence on these issues. It is sufficient to say that the testimony was in decided conflict, the appellants stating they were in various ways coerced to sign the statements, while the testimony of the officers was to the effect that no coercion, threats or duress was used.

In the case of *State* v. *Rogoway,* 45 Or. 601, 2 Ann. Cas. 431, 78 Pac. 987, 81 Pac. 234, it is held that the determination of the admissibility of a confession will not be disturbed on appeal unless there is clear and manifest error. The court, quoting with ap-

proval from the decision of the Supreme Court of New Hampshire in *State* v. *Squires,* 48 N. H. 364, proceeds to show that the ruling on the objection to admission involves only the decision of a question of fact, as much so as the question whether a witness whose testimony is offered was interested or not, or was qualified to testify as an expert, or whether the loss of a paper has been shown, so as to allow the introduction of secondary evidence of its contents, or the like. Quoting with approval, also, from the decision of *Fife* v. *Commonwealth,* 29 Pa. 429, the court proceeds to say:

" 'But the principle is well settled that where the admissibility of evidence depends upon a preliminary question of fact, to be tried by the court, its decision is not to be reversed unless in a case of clear and manifest error. The court that sees and hears the witnesses must be presumed to have better means of judging on a question of fact than the appellate tribunal, where the witnesses are neither seen nor heard, and where it often happens that their testimony is very imperfectly reported.' Now, in this case the evidence for the state tended to show that the alleged confession of the defendant was voluntarily made; and, while this evidence is controverted and contradicted, there is not sufficient in the record to justify this court in saying that the trial court erred in holding that the confession was competent and admissible as testimony. The admissibility of the testimony was for the court, and its credibility and weight were for the jury, and were properly submitted to them."

See, also, *State* v. *Storms,* 113 Iowa, 385, 86 Am. St. Rep. 380, 85 N. W. 610.

Applying this rule to the testimony adduced in the case at bar, we must hold that there is no such showing of clear or manifest error on the part of the court below in admitting the confessions as to call for our disapproval of such rulings. We will presume that

the judge of the court below, who saw and heard the witnesses, correctly decided the fact in dispute, on the investigation preliminary to the admission of the confessions.

The second assignment of error is that the sentences imposed are invalid, in that the same are in conflict with sections 1127 and 1448 of Penal Code of 1913. In just what this invalidity consists the brief for appellants does not say and we can only speculate as to the precise basis of the assignment. Because of the similarity of the sections cited in this case to those cited in the case of *Clark* v. *State,* 23 Ariz. 470, 204 Pac. 1032, by the same counsel of record in this court, raising the question as to the validity of the judgment under the indeterminate sentence provisions of section 1127, we surmise that it was intended to present here the question made and decided there. If such be the basis of the assignment—and none other is suggested or perceived—the decision in that case must govern here, and the assignment is consequently held to be without merit.

There being no error, the judgment is affirmed.

ROSS, C. J., and McALISTER, J., concur.