[Criminal No. 645.   Filed June 13, 1927.]

[256 Pac. 1053.]

VINCENTE GALAS, Appellant, v. STATE, Respondent.

Mr. Greg Garcia, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. Earl Anderson and Mr. Frank J. Duffy, Assistant Attorneys General, for the State.

ROSS, C. J.—Vincente Galas was convicted of the crime of murder in the first degree and sentenced to life imprisonment, and from the judgment of conviction he appeals.

The only proposition presented for the consideration of this court is based upon the admission of

evidence, and is stated in his assignments of error as follows:

"The trial court erred in allowing the confession, made in the detective's headquarters at the city hall, to the jury over the objection of appellant, for the reason that the said confession was not free and voluntary."

When the confession, which had been taken stenographically, was offered, upon objection by appellant as to its admissibility on the ground that it was not voluntarily made, the court excused the jury, and in the absence of the jury, heard evidence upon the issue of coercion or duress. The learned counsel for the appellant has not in his brief directed us, in the transcript of the evidence, to the particular testimony, facts, or circumstances which he contends show that the confession was extorted or not voluntarily made. We have looked into the testimony submitted upon the question of the character of the confession, and it discloses that it was first made to the police inspectors of the city of Phoenix while appellant was in the city jail. Thereafter, and on the same day, appellant made a statement of his connection with the crime to the county attorney, which statement was stenographically reported and was the one offered in evidence. It is claimed that the confession made to the police inspectors was obtained while appellant was confined in jail and after the officers had violently assaulted and beaten him, and that the appellant was laboring under the influence of such mistreatment when he made the confession to the county attorney.

There seems to be no question but that appellant did receive some bodily injuries while he was in the custody of the officers. He claims that they were inflicted in an attempt to make him confess, whereas the officers state that they were suffered in a struggle by them with him in an effort to restrain him when

he attempted to break away from them and escape. The officers denied using any force or violence whatever to induce the confession, or that they made any promise of immunity. It appears that the county attorney told appellant that he was such prosecuting officer, and that if he made any statement it should be done freely and voluntarily; that anything he told incriminating could and would be used against him; assured appellant he was not going to be hurt or harmed in any way, whereupon appellant said:

"That is the only way you are going to get anything. You are not going to get anything by hitting me like those fellows [police inspectors] did."

The trial court came to the conclusion that the confession was freely and voluntarily made, and thereupon permitted the reporter's transcript of his notes of the confession to be read in evidence before the jury.

Under the law, it was the duty of the trial court, upon objection to the admission of the confession, to investigate the circumstances under which it was made, and to that end hear the testimony claimed by appellant to show it was obtained through threats and violence, or duress, or coercion, or the promise of immunity, if any, and also the controverting testimony of the state, and thereupon to determine whether the evidence was extorted or free and voluntary; and his decision upon that question will be respected by the appellate court, unless it clearly shows that it was made in disregard of the facts. In the case of *Kermeen* v. *State*, 17 Ariz. 263, 15 Pac. 738, this rule was announced. There we quoted from *People* v. *Loper*, 159 Cal. 6, Ann. Cas. 1912B 1193, 112 Pac. 720, this language:

"The question whether a confession is free and voluntary is a preliminary one addressed to the trial court (*People* v. *Miller*, 135 Cal. 69, 67 Pac. 12), and that court is clothed with a considerable amount of

discretion in determining it (*People* v. *Suesser*, 142 Cal. 361, 75 Pac. 1093).''

Of course, if it should be assumed that the appellant's statement as to the manner in which the officers treated him was true, and the statement of the officers flatly contradicting him be disregarded, then the confession was improperly admitted as evidence.

The Fifth Amendment to the Constitution of the United States and section 10, article 2, of the state Constitution, providing in effect, that no person shall be compelled to give evidence against himself in a criminal case, are broad enough in spirit, if not in letter, to prohibit the use of extrajudicial confessions, as well as judicial confessions, wrung from the accused by compulsion or force. However, when an investigation satisfies the trial court that the assertion of the accused that his confession was not free and voluntary, is false and fabricated, the confession, along with the circumstances under which it was made, should be submitted to the jury with cautionary instructions that if they do not believe the confession was free and voluntary to disregard it. Such was the course pursued in this case. The jury was told:

" . . . That before you can take into consideration a confession made by the defendant, and which has been introduced in evidence, you must fully satisfy yourselves beyond a reasonable doubt that the same was freely and voluntarily made. No confession of guilt is freely and voluntarily made if the same was made by reason of any threats made against the defendant or was made by reason of any duress or undue influence brought to bear upon the defendant, nor is any confession freely and voluntarily made if the same was made by reason of any promise of leniency or reward.''

The course pursued was the correct one, under the facts and circumstances surrounding the confes-

sion as made in this case. *Kermeen* v. *State, supra; People* v. *Castello,* 194 Cal. 595, 229 Pac. 855.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.