[Criminal No. 795.   Filed April 26, 1934.]

[32 Pac. (2d) 25.]

FRED HERNANDEZ, Appellant, v. STATE, Respondent.

Mr. H. G. Richardson, for Appellant.

Mr. Arthur T. La Prade, Attorney General, Mr. John Francis Connor, Assistant Attorney General, and Mr. W. E. Truman, County Attorney, for the State.

McALISTER, J.—This is a companion case to that just decided, *Manuel Hernandez* v. *State, ante,* p. 424, 32 Pac. (2d) 18; hence it is unnecessary to restate the facts or consider again any of the matters discussed therein. The brothers, Fred and Manuel, as a reading of the statement in that case will disclose, were jointly informed against for the murder of Charles P. Washburn, but tried separately. The verdict, first degree murder, and the sentence, the death penalty, were the same in each case. There was no substantial difference in the evidence though one additional matter was gone into in this case, and it is due to this fact that we do not dispose of this appeal by merely stating that it is governed by the decision in that case.

It appears that the defendant, Fred Hernandez, was arrested at his mother's home around 4 or 5 o'clock in the afternoon and taken to Casa Grande where he remained about two hours in custody of the officers. While in the freight-room of the Southern Pacific depot in their charge he gave them the particulars regarding the killing but testified at the trial that it was through fear that he made this statement, though the court, after going into the matter fully in the absence of the jury, concluded that it was not forced but made freely and voluntarily. The written confession, signed a little later and containing substantially the same facts, was also introduced over objection, but the defendant has based no assignment on the ruling admitting either.

However, he requested an instruction on the question of confessions upon the ground that both his oral and written statements were in evidence and the jury should be advised as to its duty regarding them, but the court refused the instruction, and this ruling is assigned as error. After a full investigation out

of the presence of the jury and before the confessions were admitted the court decided that they were made voluntarily, and this being true an instruction regarding them was not necessary. If, however, the evidence on this point, which was somewhat conflicting, had been such that it did not satisfy the court fully that they were voluntary, it should have left the determination of the question to the jury by advising it properly concerning them, but its duty to refuse to admit them, provided the evidence showed clearly they were not voluntary, was equally plain. The court evidently entertained no doubt on this point, a view the evidence fully justified, and this being true, there was no occasion to submit the matter to the jury, though it would not perhaps have been error for it to have done so. This is in accord with the last expression of this court on the question, which is found in *Indian Fred* v. *State,* 36 Ariz. 48, 282 Pac. 930, 934, wherein this language was used:

"In passing upon the question of law involved, we held (in *Kermeen* v. *State,* 17 Ariz. 263, 151 Pac. 738) the rule to be that the court should determine, prior to permitting the confession to go to the jury, whether it was or was not voluntary, and that in making such determination it was clothed with a considerable amount of discretion. We also held impliedly, though not specifically, that it was not erroneous to leave the ultimate determination of whether the question was voluntary to the jury, even though the court had already determined that issue in the affirmative. We know of no state where a rule more favorable to the defendant is followed. In most jurisdictions, if there is a conflict of evidence on the question, and the court is not satisfied that the confession is voluntary, it should submit it to the jury with instructions to disregard it if upon all the evidence they believe it to be involuntary. *Wilson* v. *United States,* 162 U. S. 613, 40 L. Ed. 1090, 16 Sup. Ct. 895; 16 C. J. 927, and notes."

Clearly there was no error in denying the requested instruction. The judgment is affirmed.

ROSS, C. J., and LOCKWOOD, J., concur.