[Criminal No. 807.   Filed June 5, 1934.]

[33 Pac. (2d) 602.]

PAUL WAGNER, Appellant, v. STATE, Respondent.

Mr. Jacob Morgan, for Appellant.

Mr. Arthur T. La Prade, Attorney General, Mr. P. H. Brooks, Assistant Attorney General, and Mr. Renz L. Jennings, County Attorney, for the State.

ROSS, C. J.—The defendant was informed against for statutory rape, and upon his trial was convicted. He has appealed.

The grounds of his appeal are: (1) That the prosecutrix was over the age of eighteen years; (2) that the evidence fails to show that rape was consummated; and (3) that his confession of guilt was not free and voluntary, and that before it was made he was not advised that what he might say could be used against him. There are a number of assignments of error, but these three points fully cover all of them.

The question of the age of the prosecutrix was one of fact, to be determined by the jury from the evidence. Her mother, her father and she herself testified that she was sixteen years old. On the other hand, it was shown that she had on different occasions told persons she was eighteen. She admitted on the witness-stand having stated to some of her associates and young friends that she was seventeen, eighteen, and even nineteen years of age, but explained that she was joking as was the habit among them to overstate their ages to each other. Upon this evidence the jury found she was under eighteen years of age.

The evidence is overwhelming that defendant accomplished the act of sexual intercourse with the prosecutrix. On that issue the evidence is all one way and needs no elaboration. Whether confessions of a defendant should be admitted is primarily for the court. Confessions that are extorted or obtained through force or duress or promises of immunity are not admissible. On the contrary, if they are freely and voluntarily made, they are admissible. If there is

a dispute as to whether a confession is of the former or latter character, and the evidence thereon is conflicting, the question, under proper instructions by the court, should be left to the jury. *Galas* v. *State,* 32 Ariz. 195, 256 Pac. 1053; *Kermeen* v. *State,* 17 Ariz. 263, 151 Pac. 738. The confession of defendant was made, the day following the act, to E. W. Roach, deputy sheriff of Maricopa county, on the way from where defendant was arrested to the county courthouse. Before the witness repeated the confession to the jury, the defendant examined him, avowedly for the purpose of ascertaining if the confession was freely and voluntarily made; but the witness was not asked by defendant if any threats or force or duress or promises of immunity were made. It affirmatively appears that no force was used nor any threats made. The witness said defendant wanted to go to the county attorney's office and make the statement. We think the court properly admitted the confession, which was as follows:

"I (the deputy sheriff) asked him what had happened, what it was about, and he said that he had picked this girl up the day before and had taken her out on the desert and had intercourse with her, and I asked him, 'What do you want to be fooling around with little school girls for?', and he said he didn't know."

The validity of a confession does not depend upon a warning by the officer to whom it is made that it may be used against the prisoner on his trial, unless there be a statute requiring such warning, although it is conceded to be the better and safer course. 16 C. J. 723, § 1482.

The record discloses that the defendant had a fair and impartial trial, and the judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.