**349 P.2d 781**

**STATE of Arizona, Appellee,**

**v.**

**Clifford R. PULLIAM, Appellant.**

**No. 1132.**

Supreme Court of Arizona.

March 2, 1960.

Martin H. Schulman, Tucson, for appellant.

Wade Church, Atty. Gen., Harry Ackerman, County Atty. of Pima County, Pete M. Rubi and John L. Claborne, Deputy County Attys., Tucson, for appellee.

JOHNSON, Justice.

A jury convicted defendant of robbery, a felony. He was sentenced to prison for a term of 8 to 10 years, and appeals from such judgment.

The victim of the alleged robbery, Lee Roy Allen, met the defendant and another man later identified as Ralph Perkins (who was jointly charged with the defendant, but apparently never arrested and did not appear at any time) on the morning of March 26, 1958, at the Belmont Hotel in Tucson, Arizona, where the three men had separate rooms. They proceeded to have some drinks at a bar and also shared a bottle of wine in the victim's room and after a time the trio went to a jewelry store operated by Louis Montoya from whom Allen purchased a watch in the presence of his drinking companions. Thereafter they returned to the hotel and went to the room of the defendant and the drinking was resumed. According to Allen, sometime during this orgy the defendant and Perkins proceeded to administer Allen a serious beating and they relieved Allen of the watch, an undetermined sum of money and forced Allen to endorse over a social security check in the sum of $30. Defendant was apprehended by the operator of the jewelry store, Montoya, later on the same day when defendant attempted to sell to Montoya the identical watch previously purchased from Montoya by Allen. The complaining witness, Officer John Coffey, had previously informed Montoya of the robbery of Allen and as Montoya held defendant at gunpoint in the shop, the officer was summoned and upon his arrival the defendant was placed under arrest and

thereafter brought to trial on a charge of robbery.

On appeal the defendant contends the trial court committed error in admitting in evidence a confession in writing and signed by the defendant wherein the defendant admitted his guilt to the crime charged.

Officer Coffey testified in the presence of the jury that after the arrest of the defendant he was taken to the city jail and booked on the charge of robbery. That the defendant was questioned in the Investigation Division of the Police Department concerning the offense that he had been accused of and that defendant denied all knowledge of such offense. The officer further testified that the next day he again questioned the defendant at the Police Department in the presence of one of the secretaries and without making any promise of immunity or by the use of coercion or duress, the defendant volunteered to tell the truth concerning the offense. That the statement made by defendant admitting his guilt was reduced to writing and signed by him. The written statement was offered in evidence and upon objection being made the trial court excused the jury and permitted the defendant to present evidence on the question of whether the statement was voluntary.

The defendant testified at such hearing that the police officer at the time the statement was taken at the Police Department told him that he would get ten years if he didn't sign the statement; that he was promised money for cigarettes if he signed the statement and that he was warned that if he did not sign, he would be kept in the city jail rather than sent to the county jail and that the food and general conditions at the city jail were highly undesirable in comparison with the county jail. Defendant also testified he was told by the police officer that "he could get me off later if I come on and cop out". The defendant further testified that he was scared, and that he had less than a third grade education and that he did not know anything about the facts of the crime and made up the statement because of the threats and promises.

The defendant later testified to these same facts before the jury; and the state failed to offer rebuttal evidence in any manner contradicting the testimony of the defendant concerning the alleged threats and promises made to him at the time he gave the statement offered in evidence.

The trial court, after listening to all the above testimony, permitted the written confession of the defendant to be admitted into evidence. Under the law in this state the admissibility of a confession depends on whether it is freely and voluntarily made. State v. Johnson, 69 Ariz. 203, 211 P.2d 469; State v. Thorp, 70 Ariz. 80, 216 P.2d 415. If obtained through force,

duress or promise of immunity, it is inadmissible. Wagner v. State, 43 Ariz. 560, 33 P.2d 602. If it appears to the reasonable satisfaction of the trial court from the preliminary inquiry that the confession was not so obtained, it may admit the confession into evidence. Davis v. State, 41 Ariz. 12, 15 P.2d 242. However, if it appears to the reasonable satisfaction of the trial court that the confession was not freely and voluntarily given it should not at the trial before the jury permit the confession to be introduced into evidence. State v. Thomas, 78 Ariz. 52, 275 P.2d 408; Kermeen v. State, 17 Ariz. 263, 151 P. 738; Laub v. State, 24 Ariz. 175, 207 P. 465. While we held in Ramirez v. State, 55 Ariz. 441, 103 P.2d 459, that it was not error for the trial court to refuse to hear evidence as to the voluntary character of the confession in the absence of the jury, we believe the better practice is that such preliminary investigation be conducted in the absence of the jury. (Annotation 148 A.L.R. 546 and 170 A.L.R. 567)

■ The rule is well settled in this state that whether a confession is voluntary or not is a preliminary question of law and fact for the trial court to determine in the first instance upon a preliminary investigation into the facts and circumstances surrounding the taking of the confession. Kermeen v. State, supra; Laub v. State, supra; Indian Fred v. State, 36 Ariz. 48, 282 P. 930; Galas v. State, 32 Ariz. 195, 256 P. 1053; Ramirez v. State, supra; State of Arizona v. Smith, 62 Ariz. 145, 155 P.2d 622; State v. Romo, 66 Ariz. 174, 185 P.2d 757; State v. Hood, 69 Ariz. 294, 213 P.2d 368; State v. Thorp, supra; State v. Thomas, supra. The trial court's determination of the admissibility of a confession will not be disturbed on appeal unless there is clear and manifest error. Laub v. State, supra; State v. Thomas, supra. We hold that under the circumstances in the instant appeal the trial court did not abuse its discretion in admitting the written confession into evidence.

■ We believe the previous decisions of this court definitely outline the procedural steps necessary before a confession may properly be admitted in evidence. Whenever during the course of a criminal trial a confession is offered in evidence the burden is on the prosecution to lay a prima facie foundation for its introduction by preliminary proof showing that it was freely and voluntarily made. Before the confession is received the defendant if he requests it, in the absence of the jury, must be accorded the opportunity to introduce evidence to overcome the prima facie showing. It is the function of the court in the first instance to resolve any conflict in the evidence on the subject, and if the court concludes that the confession was not free and voluntary it has the power and is duty bound to withhold it from the jury's consideration. However, if it appears to the

reasonable satisfaction of the trial court that the confession was obtained freely and voluntarily, it is within the court's discretion to permit it to be read to the jury; and then to submit to the jury, *under proper instruction,* for its determination the question whether under all the facts and circumstances the confession was made freely and voluntarily. In State v. Hood, supra, we quoted with approval an instruction outlining the duty of a jury in considering a confession and we now reiterate our approval of that instruction. Galas v. State, supra; State v. Gutierrez, 81 Ariz. 377, 306 P.2d 634.

■ The rule in this jurisdiction is also well established that it is the duty of the trial court to submit appropriate instructions to the jury regarding any confession that is admitted into evidence where the defense raises the issue of involuntariness. Kermeen v. State, supra; Laub v. State, supra; Galas v. State, supra; Ramirez v. State, supra; State v. Hood, supra; and State v. Thomas, supra.

The only decision to the contrary in this jurisdiction is Hernandez v. State, 43 Ariz. 442, 32 P.2d 25, not cited by either party in the case at bar, holding that where the court makes a full investigation out of the presence of the jury and concludes the confession was made voluntarily and admits it in evidence it is not necessary to instruct the jury how to consider such confession, even though there is conflicting evidence as to the voluntariness of the confession. Such a conclusion is contrary to and conflicts with decisions of this court rendered before and after that case. The rule announced in the Hernandez case is not a correct statement of the law and we therefore expressly disapprove the conclusion reached therein.

■ In the instant case, the trial court, in its instructions to the jury, failed to make even the remotest mention of the presence of the confession in evidence, nor did counsel for the defendant request any instructions in that regard. The question, then, is whether this failure of the trial court constituted such fundamental error as to the rights of the defendant that a reversal must be granted irrespective of the neglect of the defendant to request such an instruction; or, as here, the failure to assign such an omission as error on appeal. The question was first raised during the course of oral argument.

■ It is the duty of this court under A.R.S. § 13–1715, to examine the entire record to determine whether it discloses fundamental error, notwithstanding the failure of the defendant to assign as error the neglect of the trial court to properly instruct the jury relative to considering the confession admitted in evidence. Hockett v. State, 21 Ariz. 205, 186 P. 586; Martin v. State, 22 Ariz. 275, 196 P. 673; Beebe v.

State of Arizona, 49 Ariz. 190, 65 P.2d 658; State v. Romo, supra; State v. Houston, 80 Ariz. 86, 292 P.2d 1077; State v. Marsin, 82 Ariz. 1, 307 P.2d 607.

While this court has repeatedly held that reversible error cannot be predicated on a mere failure to instruct, in an absence of a request therefor, Hann v. State, 30 Ariz. 366, 247 P. 129; State v. Lee, 80 Ariz. 213, 295 P.2d 380, 56 A.L.R.2d 1166; these pronouncements have been in cases where the defendant desired special instructions on matters of defense and neglected to request the same. See Bradley v. State, 35 Ariz. 420, 279 P. 256; James v. State of Arizona, 53 Ariz. 42, 84 P.2d 1081; State v. Hendricks, 66 Ariz. 235, 186 P.2d 943; State v. Polan, 80 Ariz. 129, 293 P.2d 931; State v. Boozer, 80 Ariz. 8, 291 P.2d 786. However, in a criminal case, the trial judge is required to instruct the jury on his own motion upon the law relating to the facts of the case and upon matters vital to a proper consideration of the evidence. Rule 274, Rules of Criminal Procedure, 17 A.R.S.

■ Fundamental error, is such error as goes to the foundation of the case, or which takes from a defendant a right essential to his defense. Morrison v. State, 37 Okl.Cr. 359, 258 P. 1050. We believe that where such error is present justice requires that the entire record be carefully examined, notwithstanding, that

proper objection was not made in the trial court or assignment of error made on appeal.

In the case at bar, the trial court after following the method expressly approved by this court, admitted the written confession of the defendant in evidence. We hold, however, that the failure of the trial court to instruct the jury as to the manner in which a confession should be considered in their deliberations constitutes reversible error. Such an instruction was so vital to the rights of the defendant that its omission necessarily created fundamental error.

■ It was the duty of the trial court to instruct the jury that it was within their province to determine as a question of fact, first whether the confession was voluntarily made, and second if it was voluntary, was it true. We outlined in State v. Hood, supra, an approved instruction on the duty of the jury in considering a confession that has been admitted in evidence. As stated in that instruction the jury is charged with the duty of determining, finally, even though the trial court has admitted the confession in evidence, whether such confession was freely and voluntarily made, and if the jury determines that it was not so made, it is its duty to disregard all testimony relative to the confession in determining the guilt or innocence of the defendant. 23 C.J.S. Criminal Law § 1232, p. 797. It is entirely conceivable that the jury, not

having received instructions as to their duty and the method to be followed in considering the confession of the defendant, came to the conclusion that because the trial court admitted the confession in evidence that there was no merit to the claim of the defendant that he made the confession because of the promises of immunity and coercion of the police officer. The jury, of course, is not permitted to pass upon the question of admissibility, but the jury does have the bounden duty to totally disregard the confession if they determine from the facts and circumstances surrounding the making of the confession that it was not voluntary. The failure of the trial court to instruct the jury as to their duty in the premises deprived the defendant of a right essential to his defense, which constitutes reversible error.

█ Defendant also urges that the trial court erred in not granting his motion for mistrial on the ground that defendant's manacles were removed in the presence of members of the jury panel. Actually from the record it appears that the manacles were removed at or near the doorway to the courtroom, although we are of the opinion that preciseness in this matter is immaterial. In McDonald v. United States, 8 Cir., 1937, 89 F.2d 128, 136, where the defendant raised this same objection, it was said:

" * * * It is too obvious for argument that hardly any other matter can better be relegated to the discretion of the trial court than that of safeguarding the court, counsel, jury, and spectators, and assuring the continued presence and attendance of the accused at the trial. Absent incontrovertible evidence of hurt, the trial court should be permitted to use such means, to secure the named ends, as the nature of the case, the known criminal record, character, associates in crime, and reputation of the accused shall reasonably call for, and such is the rule enunciated in the few cases existing which deal with the question, * * *."

See also Cwach v. United States, 8 Cir., 1954, 212 F.2d 520. We find that the trial court did not abuse its discretion in this matter and hence the motion for mistrial was properly denied.

We have carefully considered the other numerous assignments of error and find that they are wholly without merit.

Judgment reversed with directions to grant a new trial.

STRUCKMEYER, C. J., and PHELPS, UDALL and BERNSTEIN, JJ., concur.