362 P.2d 660

STATE of Arizona, Appellee,

v.

David PREIS, Appellant.

No. 1183.

Supreme Court of Arizona.

June 14, 1961.

Rehearing Denied July 11, 1961.

Lawrence C. Cantor, Phoenix, for appellant.

Wade Church, former Atty. Gen., Robert W. Pickrell, Atty. Gen., Stirley Newell and John A. Murphy, Jr., Asst. Attys. Gen., for appellee.

BERNSTEIN, Vice Chief Justice.

The defendant, David Preis was informed against and tried for the unlawful killing, on or about September 7, 1959, of one Maxwell J. Ambrose. A jury convicted the defendant of second degree murder. The defendant's motion for a new trial was denied. This appeal followed.

The defendant's wife was friendly with the decedent and accepted his companionship on many occasions. This relationship had come to the attention of the defendant. On the evening of September 7, 1959, the defendant rented a car and drove to the decedent's apartment. Upon arriving at the decedent's apartment around 10:45 p. m., the defendant learned from knocking and inquiring at another apartment that he was not at home. The defendant then seated himself beside the apartment's swimming pool to await the decedent's return. Around 11:10 p. m. the decedent returned home and upon recognizing him, the defendant stopped him near the pool patio and asked the whereabouts of his wife. The decedent refused to answer and instead called the defendant a vile name, turned and hurried towards his apartment. While the decedent was going towards his apartment, the defendant pulled a gun from his pocket and fired five times at the decedent, emptying the gun. Two bullets hit the decedent and three others missed and lodged in the apartment building. Thereupon the defendant ran to his car and returned to the motel where he was lodging,

packed his belongings into the rented car and left.

Around 1 a. m. the police apprehended him in Mesa traveling East and booked him at the Mesa police station. The defendant underwent questioning there from about 1:50 a.. m. to 2:45 a. m. in the presence of several police officers and a newspaper police reporter. The defendant orally confessed the killing during the questioning period. The record reveals that during the questioning the defendant was not with counsel and that he was not informed that whatever he said could be used against him at the trial.

At the trial, the defendant took the stand in his own behalf and admitted the shooting but asserted the defenses of self-defense and insanity. On appeal the defendant has alleged five assignments of error.

■ The defendant contends the trial court committed error in admitting into evidence an oral confession of the defendant on the grounds that such confession was not freely and voluntarily made. The trial court followed the rule of procedure for the admissibility of confessions in this jurisdiction as has been set forth in State v. Pulliam, 87 Ariz. 216, 349 P.2d 781 and State v. Hudson, 89 Ariz. 103, 358 P.2d 332. Therein we set forth that when a confession is offered and objected to by the defendant, the state must proceed by laying a prima facie foundation by showing

that the confession was freely and voluntarily made. Before the confession is submitted to the jury after the proper foundation has been laid, the defendant, if he desires, must be given the opportunity, in the absence of the jury, to show that such was not freely and voluntarily made. If the trial court concludes thereafter that the confession was freely and voluntarily made or there is a conflict as to whether it was freely and voluntarily made it must admit it into evidence and then submit it to the jury under proper instructions.

■ The facts and circumstances surrounding the confession complained of in the present action are: The defendant was arrested around 1 a. m. on September 8, 1959, and taken to the Mesa police station. He was there questioned from 1:50 a. m. to about 2:45 a. m., during which time he orally confessed but refused to sign a written confession. The record reveals that a small bottle of capsules or pills had been found in the defendant's car after his arrest and were brought into the interrogation room. One of the officers present asked the defendant if they were dope and looked into the defendant's eyes. The defendant answered that they were pills for his heart condition and that he had taken one at 1 a. m. and felt fine. Though the defendant on appeal alleges that he was denied coffee and a sandwich during this period, the record is void of any request for them by the defendant. We believe

that the state in its preliminary proof met the burden to justify the court in ruling that the confession was prima facie voluntary and properly admitted it into evidence.

While it would have been better and the safer course for the officers to have advised the defendant that what he said could be used against him at the trial, it was not necessary in order to render the confession admissible. Wagner v. State, 43 Ariz. 560, 33 P.2d 602; Davis v. State, 41 Ariz. 12, 15 P.2d 242. The only thing required is that it must appear to the reasonable satisfaction of the trial court that the confession was not obtained by threats, coercion or promises of immunity.

The defendant contends that the trial court committed prejudicial error in refusing to grant a new trial when the witness Thurman Johns, a newspaper police reporter, testified that during the questioning of the defendant at the Mesa police station, at which he was present, the defendant "also mentioned another previous time his wife had gotten him in trouble with the law." Upon stipulation by the state, the remark was stricken and the jury instructed to disregard it. If she had, as he implied, gotten him in trouble with the law through no fault of his own, it would have added to his defense. In reviewing the record as a whole, this remark did not constitute prejudicial error even though it was stricken and the jury instructed to disregard the remark.

The defendant next alleges that it was error for the court to instruct the jury that from the use of a deadly weapon, a presumption of the intent to kill or do other great bodily harm arises. The defendant urges that such a presumption takes from the jury the right to find whether that intent did exist. In answer to this it is sufficient to say that the instruction of the trial court was in complete conformity with Macias v. State, 36 Ariz. 140, 283 P. 711; Bennett v. State, 15 Ariz. 58, 136 P. 276; Halderman v. Territory, 7 Ariz. 120, 60 P. 876; A.R.S. § 13–454; accord, Anderson v. Territory, 9 Ariz. 50, 76 P. 636.

While the presumption may take the place of proof and be prevailing in the absence of any evidence to the contrary, the presumption is not one of law; it is to be drawn by the jury as a matter of fact. It is a presumption of fact which permits the jury to find intent from the use of a deadly weapon. A presumption of fact is nothing more than a prima facie inference which shifts the burden of going forward with the evidence to the defendant to prove circumstances of mitigation or circumstances that justify or excuse the killing unless the state's proof does not amount to murder. A.R.S. § 13–454.

This presumption is a reasonable one founded on human experience. One does

not usually use a deadly weapon on the person of another unless he intends to kill or do other great bodily harm. The law could not function properly if it failed to recognize such a fundamental truism. It should be observed that this presumption referred to applies to the matter of malice and should not be confused with the general questions of presumption and burden of proof regarding the guilt or innocence of the defendant.

The defendant submitted a requested instruction to the trial court to the effect that if the defendant was acting under an uncontrollable impulse, he is not criminally responsible for that act: The trial court refused such instruction concerning the mental condition of the defendant at the time of the commission of the crime and instructed, in substance, by giving the M'Naghten Rule as the test to apply. In so instructing, the trial court followed the approved method in this jurisdiction for testing the criminal responsibility of a defendant when insanity is raised as a defense. State v. Crose, 88 Ariz. 389, 357 P.2d 136.

We have carefully considered the other assignment of error concerning the refusal of the trial court to poll the jury about a newspaper article involving an entirely different case when such article was not presented to the trial court and does not appear in the record and find the alleged error without merit.

The defendant was accorded a fair and impartial trial. The judgment of the Superior Court of Maricopa County is in all respects affirmed.

STRUCKMEYER, C. J., and UDALL, JENNINGS and LOCKWOOD, JJ., concur.