403 P.2d 932

The STATE of Arizona, Appellee,

v.

Charles Wayne GEORGE, Appellant.

No. 1555.

Supreme Court of Arizona.

En Banc.

July 7, 1965.

Robert W. Pickrell, Atty. Gen., and Norman Green, Pima County Atty., for appellee.

O. C. Marquez, Tucson, for appellant.

BERNSTEIN, Justice.

Appellant was charged with and tried for escape from the Pima County jail in violation of A.R.S. § 13–393. Appellant had been released from his jail cell along with a number of other prisoners by the instigator of a jail break. He was out of the jail from the afternoon of May 31, 1964 to the morning of June 1, 1964. At the latter time he turned himself in to a bail bondsman who took him back to the jail. Appellant was represented by counsel at the trial.

Appellant was convicted and sentenced to from 4 to 5 years in the state prison to commence at the expiration of any other sentence being served.

■ Appellant filed his notice of appeal in propria persona and counsel was appointed pursuant to § 13–161 to handle the appeal. Counsel for the appellant advised this court by written communication that he had diligently and conscientiously investigated the record and has concluded that no grounds exist for a successful appeal. Counsel is to be commended for analyzing the record for this court and furnishing this court with applicable citations of authority. He did not, nor may he serve as amicus to the court. Hardy v. United States, 375 U. S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331

■ Over objection of counsel in the trial court the trial judge continued the trial of the case longer than the 60 day period required by Rule 236 Rules of Criminal Procedure, 17 A.R.S., on the ground that there was no judge available to hear the case. However, that trial date was vacated and appellant was tried one week subsequent to the 60 day period. A continuance for the reason stated constituted good cause. State v. Churchill, 82 Ariz. 375, 313 P.2d 753.

■ Counsel for appellant requested a mistrial because appellant was once brought into the court room in handcuffs which were then removed. While such procedure is not approved the trial judge denied the motion for a mistrial on the ground the appellant had not been prejudiced in this case and we cannot say that this ruling was an abuse of the trial judge's discretion. State v. Pulliam, 87 Ariz. 216, 349 P.2d 781; State v. Chavez, 98 Ariz. 236, 403 P.2d 545 (June 1965).

■■ The trial court also took judicial notice of the records of the Superior Court showing appellant's lawful confinement at the time of the escape. A court should take judicial notice of its own records in a case pending before it and we are of the opinion that appellant was not prejudiced by withholding from the jury the crime for which he was charged at the time he broke out of jail. We have searched the record and transcript of testimony and find no reversible error. State v. Burrell, 96 Ariz. 233, 393 P.2d 921.

Affirmed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concurring.