420 P.2d 281

**STATE of Arizona, Appellee,**

v.

**Jesse Milton SANDERS, Appellant.**

**No. 1653.**

Supreme Court of Arizona,
In Banc.
Nov. 23, 1966.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, for appellee.

Arthur R. Buller, Tucson, for appellant.

LOCKWOOD, Justice.

Defendant appeals from a conviction for robbery. At the trial defendant's signed confession was introduced in evidence. Following the rendition of the verdict and judgment Sanders made a motion for a new trial based on newly discovered evidence. That motion was denied and this appeal ensued.

Defendant, a minor, aged seventeen years, was arrested at about 11:30 P.M., December 20, 1964, in connection with the robbery of a Circle K food store earlier that evening. The arresting officer informed Sanders of his right to contact counsel, to remain silent and that anything he said could be used against him. He then took him to the police station and upon arrival there notified the juvenile authorities and received permission to question Sanders. The defendant's parents were also called. The defendant was questioned at the station until about 2:00 A.M. and then transported to the Juvenile Detention Home. He made no damaging statements during this first interrogation.

On the afternoon of December 21, the police asked for, and received permission to question the defendant further at the Juvenile Detention Home. The defendant.

412

was questioned for more than an hour and agreed to sign a written statement later. Following this interview the defendant was given an opportunity to eat his supper, but he declined food. After his refusal to eat, the officers received permission to take the defendant to the police station in order to transcribe his confession. Shortly after his arrival at the station, Sanders made and signed a confession implicating himself in the robbery of the Circle K food store on December 20th. On December 22nd the Juvenile Court judge refused to suspend criminal prosecution, and directed that the proper proceedings be had as in the case of an adult.

The defendant claims that the statement given was inadmissible (1) since the process of defendant's interrogation was in violation of A.R.S. § 8–221, and (2) that the trial judge abused his discretion in failing to grant a motion for a new trial on the basis of newly discovered evidence. This evidence was adduced in a subsequent trial on a different charge, when it appeared that the interviewing officer in order to induce Sanders to confess, told him that in a similar case involving a youth and an older man the older man attempted to put all the blame on the youth.

■ A.R.S. § 8–221 reflects the public policy of this state in treating juvenile offenders in a manner different from hardened criminals. This statute provides that upon the arrest of a minor under the age of eighteen, the arresting officer shall "forthwith" notify the probation officer and make such disposition of the child as the probation officer orders. The statute does not permit of any willful delay. The arresting officer must contact the probation officer at the earliest reasonable opportunity. State v. Shaw, 93 Ariz. 40, 378 P.2d 487 (1963). In the present case the arresting officers notified the juvenile authorities within one-half hour of the arrest and received permission to interrogate the defendant at the police station. We stated in State v. Shaw, 93 Ariz. 40, 50, 378 P.2d 487, 493 (1963):

"Our rule does not prevent the police from questioning a juvenile—it only prevents them from subjecting the juvenile to formal interrogation without permission of the person appointed by law to see that the interrogation procedure is conducted in a manner consonant with the purposes and policies of juvenile rehabilitation. The legislature has made the decision of public policy in providing for a representative in the person of the probation officer. Certainly in the proper discharge of his duties, the latter would not be acting in the interest of the juvenile or of society merely by preventing interrogation—he could and should only prevent overzealous pressure."

■ No incriminating statement was received from the defendant during this first interrogation in the police station. Following this first interview, the defendant was checked into the Juvenile Detention Home. About thirteen hours later the police received permission to interview the defendant at the Home. At this interview the defendant agreed to sign a statement. The police then were given permission to take the defendant down to the police station to have this statement prepared. There appears to have been no overreaching on the part of the interrogating police officers, and no violation of the provisions of A.R.S. § 8–221. Thus, the confession is not inadmissible on that account.

■ The fact that a defendant is a minor does not ipso facto make his confession involuntary and therefore inadmissible. The youth of the defendant is just one of the factors to be considered by the trial judge in determining whether the confession was voluntarily given. State v. Falbo, 333 S.W.2d 279 (Mo.1960); State v. Mares, 113 Utah 225, 192 P.2d 861 (1948); Anno., 87 A.L.R.2d 624. In the case at bar the trial judge held a hearing out of the jury's presence and found that the confession was voluntarily given. State v. Owen, 96 Ariz. 274, 394 P.2d 206 (1964). The determination of the volun-

tariness of a confession is a preliminary question of law and fact for the trial judge. His determination that a confession is voluntary will not be disturbed on appeal unless there is a clear and manifest error. State v. Pulliam, 87 Ariz. 216, 349 P.2d 781 (1960); State v. Thomas, 78 Ariz. 52, 275 P.2d 408 (1954), overruled on other grounds, State v. Pina, 94 Ariz. 243, 383 P.2d 167. There was certainly sufficient evidence upon which the trial judge was justified in finding that the confession was voluntary.

Defendant's second contention is that the trial judge erred in denying his motion for a new trial based on newly discovered evidence. This evidence came to light at a subsequent trial when the same confession was offered in evidence and the trial judge there found that it was involuntary. At the subsequent trial, the officer, who had interrogated the defendant, testified that he had told the defendant that in a similar case involving an older man and a youth the older man attempted to place the entire blame on the youth. The defendant claims that this was an improper inducement and that, when considered along with the finding of another judge that the confession was involuntary, the trial judge in the present case abused his discretion in denying defendant's motion for a new trial. We do not agree.

The granting of a new trial on the basis of newly discovered evidence is a decision left to the exercise of the trial judge's discretion. Rule 310(3), Rules Criminal Procedure, 17 A.R.S. His decision will not be disturbed in the absence of a clear abuse of that discretion. State v. Turner, 92 Ariz. 214, 375 P.2d 567 (1962). The trial judge is not bound by a ruling on evidence made by another judge in a different case.

Not all efforts to persuade an accused criminal to confess are improper. Laub v. State, 24 Ariz. 175, 207 P. 465 (1922); Roman v. State, 23 Ariz. 67, 201 P. 551 (1921). So long as there is no coercion or duress applied to the accused or no promises of immunity or special treatment an officer may seek a confession from an accused. From the evidence before us it does not appear that the officer promised the defendant any special treatment if he confessed to his part in the crime. The trial judge did not abuse his discretion in deciding that this evidence would not change his decision concerning the voluntariness of the confession.

Affirmed.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and UDALL and McFARLAND, JJ., concur.