429 P.2d 516

**The STATE of Arizona, Appellee,**

v.

**Floyd OWEN and Arnold Federico, Appellants.**

**No. 2 CA–CR 69.**

Court of Appeals of Arizona.

June 16, 1967.

Darrell F. Smith, Atty. Gen., Phoenix, William J. Schafer, III, Pima County Atty., Tucson, for appellee.

R. Lamar Couser, Tucson, for appellants.

HATHAWAY, Chief Judge.

The appellants, Floyd Owen and Arnold Federico, appeal from a conviction of attempted burglary, second degree. The sole question presented by the appellants is whether the trial court erred in refusing their motion for a mistrial based upon their being seen by the jury in handcuffs.

Although not clear, it appears that the defendants were brought from the jail upstairs down a corridor to the courtroom door in handcuffs and were seen by the panel of prospective jurors in the hall. The handcuffs were removed at the door. At a later state of the trial, after a recess, the defendants were again brought from the jail to the courtroom door. This again necessitated their walking for a short distance down the hallway. One juror was seated in the hallway at this time and observed the defendants again in handcuffs. The handcuffs were removed before entering the courtroom.

The defendants contend that these circumstances so prejudiced them, as a matter of law, as to be sufficient grounds for a mistrial. In denying defendants' motion for a mistrial the court said:

"* * * with our set up here, it is almost impossible to bring the defendants into the courtroom with absolute certainty that none of the jurors will observe them in handcuffs."

From early common law it has been the rule that an accused has the right to be tried in front of the jury completely free of all manacles or shackles. The reason for the rule is that the jury may be so prejudiced as to interfere with their unbiased decision of the accused's guilt or innocence. State v. Chavez, 98 Ariz. 236, 241, 403 P.2d 545 (1965).

In State v. Pulliam, 87 Ariz. 216, at page 223, 349 P.2d 781, at page 785, (1960) the defendant was brought into the courtroom in manacles which were removed in the presence of the jury. In answer to the same question presented here the court stated:

"In McDonald v. United States, 8 Cir., 1937, 89 F.2d 128, 136, where the defendant raised the same objection it was said: "'* * * It is too obvious for argument that hardly any other matter can better be regulated to the discretion of the trial court than that of safeguarding the court, counsel, jury, and spectators, and assuring the continued presence and attendance of the accused at the trial. Absent incontrovertible evidence of hurt, the trial court should be permitted to use such means, to secure the named ends, as the nature of the case, the known criminal record, character, associates in crime, and reputation of the accused shall reasonably call for, and such is the rule enunciated in the few cases existing which deal with the question, * * *'"

In that case the court found that the trial court did not abuse its discretion in denying the defendant's motion for a mistrial. See also State v. Randolph, 99 Ariz. 253, 408 P.2d 397 (1965).

In another case directly in point, the Arizona Supreme Court stated in State v. George, 98 Ariz. 290, 291, 403 P.2d 932, 933 (1965):

"Counsel for the appellant requested a mistrial because appellant was once brought into the courtroom in handcuffs which were then removed. While such procedure is not approved the trial judge denied the *motion* for a mistrial on the ground the appellant had not been prejudiced in this case and we cannot say that this ruling was an abuse of the trial judge's discretion. State v. Pulliam, 87 Ariz. 216, 349 P.2d 781; State v. Chavez, 98 Ariz. 236, 403 P.2d 545."

The defendants present no facts showing undue prejudice, and as we have pointed out, our Supreme Court has spoken clearly on the problem. We find the trial court did not abuse its discretion in denying the defendants' motion for a mistrial.

Judgment affirmed.

MOLLOY and KRUCKER, JJ., concur.