425 P.2d 424

**The STATE of Arizona, Appellee,**
**v.**
**Richard W. WHITE, Appellant.**
**No. 1640.**

Supreme Court of Arizona.
In Banc.
March 24, 1967.

Rehearing Denied April 19, 1967.

Darrell F. Smith, Atty. Gen., John V. Riggs, Asst. Atty. Gen., and Wm. J. Schafer, III, Asst. County Atty. of Pima County, Tucson, for appellee.

H. Earl Rogge, Jr., Tucson, for appellant.

UDALL, Justice.

The appellant, Richard W. White, hereinafter referred to as defendant, was tried and convicted of four counts of the felony of exploding explosives with intent to injure persons or property, in violation of A.R.S. § 13–922. Therein the Superior Court of Pima County suspended imposition of sentence for a period of two years, placing defendant on probation. From verdict, judgment, and sentence defendant has brought this appeal.

The facts material to this appeal are as follows:

Four explosions occurred during June of 1964, in the vicinity of a Tucson radio station and several other buildings. Pursuant to their investigation thereof the Tucson police obtained an admission from defendant, establishing his involvement with the alleged crime.

The defendant's statement was to the effect that in concert with another he had detonated the explosives in a vacant lot close by the radio station as a prank upon the announcer who had been broadcasting during each explosion.

The statute under which the defendant was prosecuted, A.R.S. § 13–922, states:

"A person who maliciously deposits, or explodes, or who attempts to explode, at, in, under or near any building * * * any chemical compound or explosive, with the intent to injure or destroy such building * * * or with the intent to injure, intimidate or terrify a human being, or by means of which a human being is injured or endangered, is guilty of a felony * * *."

One violates this statute if he sets off an explosive intending to intimidate or terrify a human being, or damages a building while acting with the specific intent to do such damage, or deposits or explodes an explosive with or without the specific wrongful intents necessary for the first two types of violations, the result of which is to injure or endanger a human.

It was maintained for the defendant at trial, that he had not engaged in the detonation of the explosives with the requisite intent to make him guilty of the crime with which he was charged. Defense counsel argued that the explosions being set off merely as pranks, were therefore executed without the necessary wrongful intent.

It was shown that the defendant had planned the explosions carefully as to avoid any foreseeable danger to persons or property. The explosives were properly placed, some distance from the surrounding buildings, and the amount of explosives was limited as not to do damage.

Generally, the intent with which a crime or act is committed may be implied from the facts that establish the doing of the act, and a specific intent may at times be presumed from the conduct of the accused in the doing of an act, as in cases involving an intent to kill. State v. Preis, 89 Ariz. 336, 362 P.2d 660. Here it is evident that the defendant in setting off the explosions had no intention to injure or destroy a building or to injure, intimidate or terrify a human being, since the explosives were deposited in a vacant lot, in man-made holes in the earth, more than fifty yards from the closest building. Further the explosives were set off at night when people were not in the vicinity. In addition no appreciable injury or damage was done to any

building nor was any human being injured or endangered by the explosions, which actions negative a wrongful intent to injure or destroy.

■ Therefore it was error to permit the jury to decide that the defendant could be guilty of the felony of depositing or exploding an explosive with the intent to injure persons or property, since there was insufficient evidence of malice or intent to injure, intimidate, terrify or endanger a human being or to destroy property, as required by A.R.S. § 13–922.

■■ In order to prove a violation of this felony statute it is insufficient to merely establish the detonation of explosives and resulting property damage therefrom. It must be shown that the accused in depositing or exploding the explosives acted with an intent to harm persons or property as specified in the statute, or at least that in setting off such explosives that more was involved in the act of the accused, than a mere intent to place or detonate the explosives. Hence this statute requires the showing of a specific intent, and the general

intent to be inferred from the mere act itself, standing alone will not be sufficient upon which to find a criminal violation of this statute.

■■ The general definition of malice given in A.R.S. § 1–215[14] is inapplicable in construing this statute since its domain is that of the statutes which do not require a specific intent. Hence establishing that a defendant meant to " * * * vex, annoy or injure another * * *", as that statutory definition of malice (A.R.S. § 1–215[14]) states, would be insufficient alone, to support a conviction under A.R.S. § 13–922.

The prosecution in failing to establish by the evidence one of the elements of this crime, the necessary intent, has failed to carry its burden of proof, and therefore the conviction obtained must be set aside.

Reversed.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.