306 P.2d 634

STATE of Arizona, Appellee,

v.

Steven Reyes GUTIERREZ, Appellant.

No. 1088.

Supreme Court of Arizona.

Feb. 5, 1957.

Robert Morrison, Atty. Gen., L. Alton Riggs, Sp. Asst. Atty. Gen., Raul H. Castro, Pima County Atty., Harry E. Rogge, Jr., Deputy County Atty., Tucson, for appellee.

Lawrence Ollason, of Tucson, for appellant.

PHELPS, Justice.

Defendant Steven Reyes Gutierrez was convicted by a jury of the crime of dispensing narcotics, to wit, Heroin, on or about August 1, 1955. From the judgment thereon defendant appeals.

The facts are that defendant Gutierrez, Aurelio Reyes and Katie Bonnillas Varela are and were Heroin addicts; that they arrived in Tucson from California, July 30, 1955, about 12:30 to 1 p.m.; that they immediately engaged a taxi and went to a place where they procured a supply of Heroin. They each took "a fix" in a car after which they went back to the depot and picked up their baggage and proceeded to find a place to stay. They located and rented an apartment in Ingram's Court on South 6th Avenue and 35th Street where they remained until the next day. On that day they went by bus to Nogales, Mexico where they purchased $60 or $70 worth of Heroin from an acquaintance or friend of Varela, and immediately returned to Tucson and to Ingram's Court.

Late in the evening of that day Aurelio Reyes and Katie Bonnillas Varela went to the "Thirty-Six" Club located nearby. There they met, apparently by chance, one Armida Soto, a female acquaintance of Varela and under whose influence Soto had become a Heroin addict. This was shortly after midnight and soon thereafter, upon their invitation, Soto accompanied them to their apartment at the Ingram Court.

Gutierrez had remained in their apartment during the evening and upon their return with Soto, Reyes and Varela, occupied one bedroom and Gutierrez and Soto occupied the other. Gutierrez and Varela had divided the Heroin purchased in Nogales and Gutierrez concealed his in a crevice in the toilet located about fifty feet away from their apartment. After the arrival of Soto with Reyes and Varela and her occupancy of defendant's bedroom with him, he went to the toilet and procured about "one-half of a spoon" of Heroin and brought it into the apartment at which time they both "took a fix". Soto used about three-quarters of a capsule in taking "her fix".

Gutierrez testified that they did not sleep any during the night and about 7:30 the next morning they again both "took a fix". Gutierrez stated in his confession that on one of these occasions, "well, I didn't exactly prepare it, I had it, I put a match to it." It is not exactly clear whether this occurred in the evening or in the morning. He testified that he loaned Soto a needle to "take a fix" on the morning of the day she died. He further testified that "after she injected herself about two minutes she knocked herself out." Soto died at 2:30 p.m. that day and at around 8 p.m. (after dark) they got a car and took the body to an alley and dumped it out where it was later found. An eye dropper, a bottle cap and a hypodermic needle wrapped in a jacket was found between her legs which Gutierrez testified was left with the body to show the cause of her death.

The next day, after the death of Soto, the defendant went to Calexico, California via Mexico and immediately "turned himself in" to the immigration officer at the port of entry and said he wanted to "make a clean breast of a thing he had done in Arizona". He also told policeman Valle of Calexico that he was with a girl and two other persons and that they gave a girl an over-dose of narcotics and the girl died. Being notified by the Calexico police department of defendant's statement concerning the death in Tucson with which he had been connected, Mr. Rogge, deputy county attorney, and deputy sheriff McCulloch went to Calexico and returned defendant to Tucson. Defendant waived extradition.

Defendant contends that the court erred: (1) in admitting the confession in evidence upon the ground that it was not shown to be voluntary; (2) in denying defendant's motion in arrest of judgment for the reason that the court lacked jurisdiction over the person of defendant; and (3) in refusing to give defendant's requested instructions 20, 21 and 22 for the reason that they were each proper statements of the law as applied to the factual situation.

We will consider these contentions seriatim. It is our view that there is no merit to defendant's first contention. It is

based upon the ground that the confession was not shown to be voluntarily made. Counsel argues that defendant was induced to make such confession by means of a promise on the part of the Arizona officials to give him more narcotics. These officers denied this and their testimony was corroborated by the California officer.

■ The trial court followed the procedure approved by this court in submitting the question to the jury of whether the confession was voluntary. See Indian Fred v. State, 36 Ariz. 48, 282 P. 930. Defendant stated in his confession that it was voluntarily given. He had made approximately the same statement to the California officers before the Arizona officers went to California, and after the stenographer read his statements back to him from her shorthand notes, he stated they were true. At the trial of the case, first in the absence and later in the presence of the jury, the deputy sheriff from Arizona, the stenographer who took the shorthand notes and transcribed the same, and the Calexico police officer all testified that the confession was freely and voluntarily given. Under the circumstances, we are of the view that the trial court was fully justified in submitting the question to the jury.

■ The defendant, at the trial of the case, testified that he was induced to make the confession by a promise of the Arizona officers that they would give him more narcotics if he would confess, and that he needed it to allay the pain and cramps in his stomach and the aches and "desperation" in his legs. The officers above named emphatically denied that any such promise was made. The evidence being in conflict on this point and the jury having decided the issue against defendant, we are bound by its finding and verdict. This rule is too well established to require citations of authority. The evidence is uncontradicted that an injection of Demerol was given defendant in Calexico to prevent him from becoming panicky on the trip to Tucson but this occurred after the confession and waiver of extradition was signed.

■ Counsel for defendant next contends that his motion, in arrest of judgment, should have been granted upon the ground that the trial court never acquired jurisdiction of the person of defendant. Again, we are not impressed. Defendant had, upon his arrival at the border at Calexico, voluntarily reported to the local immigration officer that he was a narcotic addict; he told him what had occurred in Arizona and said he wanted to make a clean breast of everything. He signed a waiver of extradition, and voluntarily returned to this jurisdiction.

Finally, defendant asserts that the court erred in refusing to give his requested in-

structions, 20, 21 and 22, relating to the testimony of an accomplice and the requirements that it must be corroborated under the provisions of our statute, section 44–1819, A.C.A.1939 (now section 13–136, A.R.S.1956).

■■ While it is true that the question of whether a witness is an accomplice is one of fact for the jury if the testimony leaves the matter in doubt, it is equally true that if the evidence is clear and undisputed it is the function of the court to decide it. Cruz v. State, 40 Ariz. 436, 14 P.2d 247. In the instant case it is clear that Varela had nothing whatever to do with dispensing Heroin to Soto. At the time Soto "took the fix", both at night and the following morning, Varela was in another room asleep. She and defendant had previously divided the Heroin purchased jointly by them in Nogales, and defendant procured the Heroin injected into the body of Soto from a cache in which he had hidden his portion. There is no evidence from which even an inference can be drawn that Varela was an accomplice, or had participated in the slightest degree in dispensing Heroin to Soto.

Judgment affirmed.

UDALL, C. J., and WINDES, STRUCKMEYER and LA PRADE, JJ., concur.