Judson E. HOLT, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16372.

United States Court of Appeals
Eighth Circuit.

July 13, 1960.

James A. Greenblatt, St. Louis, Mo.,
filed brief and made argument for appellant.

John A. Newton, Asst. U. S. Atty., St.
Louis, Mo., made argument for appellee.
William H. Webster, U. S. Atty., St.
Louis, Mo., was with John A. Newton,
St. Louis, Mo., on the brief, for appellee.

Before GARDNER, WOODROUGH
and VOGEL, Circuit Judges.

GARDNER, Circuit Judge.

Appellant, whom we shall hereafter refer to as defendant, was duly charged, tried and convicted on an information of four counts charging violations of certain provisions of the Narcotic Act; to wit, Section 4741(a) and Section 4742 (a), Title 26 U.S.C. During the trial he was represented by counsel of his own choice. From the judgment and sentence entered pursuant to a verdict of guilty defendant appealed to this court on various grounds. We reversed the conviction and granted a new trial on the sole ground that the court erred in sustaining an objection to the argument of counsel for defendant on the ground that counsel had misstated certain pertinent testimony. In sustaining the objection of the government the court specifically instructed the jury that the statement which defendant's counsel had made was erroneous and thereupon instructed the jury, misstating the testi-

mony of the witness. Holt v. United States, 8 Cir., 267 F.2d 497. On retrial defendant was again convicted by the jury and he prosecutes this second appeal from the judgment of conviction on the ground that the court erred in admitting testimony as to his oral confession because the confession was involuntarily made during a period of illegal detention.

▆▆▆ It was within the province of the trial court to decide whether or not the confession of the defendant was voluntary. In deciding this question the court was the judge of the credibility of the witnesses and the weight to be given to their testimony. Green v. United States, C.A.D.C., 259 F.2d 180. There was more or less conflict in the testimony but the court resolved the conflict in favor of the government. From the testimony the court could reasonably have found: the defendant was arrested by narcotic agents and a police officer about 1:30 p. m. on Sunday, November 17, 1957, and was taken to the Twelfth District police station and placed in a cell. From that time until about four that afternoon all the narcotic agents in the St. Louis office were engaged in locating, arresting and booking two other narcotic violators. Between four and five p. m. two narcotic agents and the police officer met the defendant at the police station and interviewed him. He was asked about the sale of marihuana to Henry Marina, the special employee, and he denied making it. He was then asked if he knew a certain Eunice Byrth and he denied this. He was then shown a telegram addressed to Byrth which had been taken from him at the time of his arrest and he admitted making the sale to Marina and said that he had acquired the marihuana from Eunice Byrth. This whole interview lasted from thirty to forty-five minutes. The defendant appeared somewhat nervous but there were no signs of sickness. He was not mistreated, nor were there any threats or promises made to him.

In Green v. United States, supra [259 F.2d 182], the court, in considering the sufficiency of the evidence to warrant it to determine that defendant's confession was voluntary, said inter alia:

"Although appellant, in the absence of the jury, testified in support of his motion, the District Judge was entitled to credit the officers' testimony where it conflicted with that offered by the appellant."

It is urged that defendant's confession was secured from him following his arrest and after unreasonable delay in taking him before the United States Commissioner. In support of this contention defendant cites and relies on Rule 5(a) of the Federal Rules of Criminal Procedure, 18 U.S.C., McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L. Ed. 819, and Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479. Rule 5(a) of the Federal Rules of Criminal Procedure provides that a person must be taken before a Commissioner "without unnecessary delay" after his arrest. No hard and fast rule can govern as to what constitutes unnecessary delay and each case must be determined on its own facts and circumstances. Williams v. United States, 9 Cir., 273 F.2d 781. In the instant case it appears from the record that from about 1:30 p. m. on the afternoon of defendant's arrest, when he was taken to the police station, until about four in the afternoon all the narcotic agents in the St. Louis office were engaged in locating, arresting and booking two other narcotic violators and, as has been observed, between four and five p. m. on that date two narcotic agents and the police officer met the defendant at the police station and interviewed him. He was asked about the sale of marihuana to Henry Marina, the special employee, and denied making it. He was then asked if he knew a certain Eunice Byrth and he denied this. He was then shown a telegram addressed to Byrth which had been taken from him at the time of his arrest. He then admitted making the sale to Marina and said that he had acquired the marihuana from Eunice Byrth. This whole interview lasted from thirty to forty-five minutes.

In Williams v. United States, supra, the court, in considering a contention that there had been unnecessary delay in bringing a defendant, following his arrest, before the United States Commissioner, said [273 F.2d 798]:

"It appears to us that no hard and fast rule can be laid down as to what circumstances may or may not constitute 'unnecessary delay'. The circumstances will vary greatly from case to case, and from metropolitan area where there may be several available commissioners to other areas where there is but one commissioner serving on a part time basis."

In the Williams case there was greater delay in bringing the defendant before the United States Commissioner than in the case at bar. In the instant case it appears from the record without dispute that the defendant could not have been brought before the commissioner before four or five p. m. on the date of his arrest, even if one were available. He was in fact not brought before the United States Commissioner until Tuesday following his arrest. However, it must be borne in mind that his confession was made between two and three hours immediately following his arrest. It is not conceivable that any delay in taking him before the United States Commissioner after he had made his confession could have any bearing upon the voluntary character of his confession. United States v. Mitchell, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140; Sutton v. United States, 4 Cir., 267 F.2d 271. In United States v. Mitchell, supra, defendant was arrested and brought to the station about seven p. m. and confessed his guilt shortly thereafter. However, he was not taken before the commissioner for eight days and it was argued that the confession was not admissible. Answering this contention the court said inter alia:

"But in any event, the illegality of Mitchell's detention does not retroactively change the circumstances under which he made the disclosures. These, we have seen, were not elicited through illegality. Their admission, therefore, would not be use by the Government of the fruits of wrongdoing by its officers. Being relevant, they could be excluded only as a punitive measure against unrelated wrongdoing by the police. Our duty in shaping rules of evidence relates to the propriety of admitting evidence. This power is not to be used as an indirect mode of disciplining misconduct." [322 U.S. 65, 64 S.Ct. 898]

It follows that the delay in bringing defendant before the United States Commissioner in no way affected the admissibility of a confession made some two and a half to three hours subsequent to his arrest. We think there was no error in admitting evidence of defendant's confession and the judgment appealed from is therefore affirmed.