381 P.2d 584

**The STATE of Arizona, Appellee,**

v.

**Jesus Mares RIVERA, Appellant.**

**No. 1245.**

Supreme Court of Arizona,

En Banc.

May 15, 1963.

William H. Tinney, Jr., and John R. McDonald, Tucson, for appellant.

Robert W. Pickrell, Atty. Gen., Jack I. Podret, County Atty., of Pima County and William J. Schafer, III, Deputy County Atty., for appellee.

STRUCKMEYER, Justice.

Jesus Mares Rivera was convicted in the superior court of the crime of Second Degree Murder. A motion for new trial was denied and Rivera appeals from the verdict and judgment and the denial of his motion for new trial.

The facts may be briefly summarized. Appellant, the victim, Jesus Romero, and two other men of Mexican descent all related, spent the late afternoon and early evening of September 30, 1961, drinking beer. At about 8:00 P.M. they decided to go to the home of Ysidirio Montano, one of the party, to have something to eat. On the way they stopped to buy more beer. After they arrived at Montano's home and while they were waiting in the car outside for his wife to prepare food, defendant expressed a desire to go home. Montano and the decedent, Jesus Romero, objected to the defendant's leaving. Rivera persisted, however, and when he attempted to walk away from the car a fight ensued. Rivera stabbed Romero with a pocket knife, inflicting a mortal wound. Rivera then left, saying he would return with a doctor, but was later found asleep at his aunt's home where he was arrested. Rivera did not show any effects of the fight when arrested.

After his arrest at approximately 11:00 P.M., Rivera was taken to the scene of the altercation for identification and then to the police department where he was booked. He was then placed in an interrogation room. At approximately 12:55 A.M., October 1, 1961, Rivera was escorted from the interrogation room and given a breathalyzer test. He was returned to the room at 1:25

A.M., where he remained until 4:15 A.M. when an interrogation began which resulted in a statement being given to the police by Rivera. At 7:00 A.M. Rivera was placed in a cell in the city jail.

The statement was taken in this fashion. Rivera who for all practical purposes neither spoke, read nor understood the English Language was asked a question in English by the interrogating officer. This was translated from English into Spanish by an interpreter who then translated Rivera's answers from Spanish to English. The questions in English and the translated answers in English were reduced to writing by typing in English as they were made. After completion of the interrogation the statement was read to Rivera, being translated from English to Spanish and he then signed it.

■ The statement insofar as its factual contents are considered contains many admissions against interest. We think the statement was admissible as against a claim of hearsay on the authority of our former decision in Indian Fred v. State, 36 Ariz. 48, 282 P. 930. There although the statement as made to the interpreter was not reduced to writing, the interpreter was permitted to relate at the trial what had been told to him by the defendant. In the present case the only distinction is that the statement as interpreted was reduced to writing in English, retranslated to the accused and

then signed by him. The multiple translation does not affect the admissibility of the statement, it merely goes to the weight to be accorded thereto by the jury. We may agree with the defendant's argument that it would be desirable for the statement to have been written out in Spanish so that defendant could have read it before signing but here again we believe this merely goes to the weight and not to its admissibility.

The appellant complains that the statement was an involuntary confession and therefor inadmissible. It was stipulated, however, that there was no force or violence used or any threats nor was there any promise of immunity given. The appellant as a witness corroborated these facts.

■■ It is urged that the length of time Rivera was kept at the police station, from 11:00 P.M. to 7:00 A.M., coupled with the language difficulty and the manner and length of interrogation, constituted psychological coercion. We recognize that there is a point where the combination of non-physical and non-violent activities, similar to those outlined above, becomes so oppressive to the mind and body that a person's will is overpowered. We are of the opinion, however, that the facts in this case do not amount to such psychological coercion that as a matter of law the trial judge should have ruled the confession was involuntarily given. cf. Pierce v. United

States, 91 U.S.App.D.C. 19, 197 F.2d 189, cert. denied, 344 U.S. 846, 73 S.Ct. 62, 97 L.Ed. 658. To a large extent each case in this area must be judged on its own peculiar factual background. The judge in his preliminary examination passed upon the voluntariness of appellant's statement and submitted it to the jury under appropriate instruction for a final determination on the question of whether it was freely and voluntarily given. This is in accord with our established practice. State v. Pulliam, 87 Ariz. 216, 349 P.2d 781.

Defendant also contends that the statement was inadmissible because it was obtained at a time when he was being unlawfully detained. A.R.S. § 13-1418 requires that a person arrested without a warrant be taken before a magistrate without unnecessary delay. It is urged that the failure to immediately take the defendant before a magistrate resulted in his unlawful detention during the time he gave his statement to the police officers, and renders the statement illegally obtained evidence.

The wording of the statute, A.R.S. § 13-1418, contemplates that there may be delay in taking the accused before a magistrate. The decisions permit a similar delay as reasonable and necessary where the arrest is at night and no magistrate is available. Pierce v. United States, supra; Holt v. United States, 8 Cir., 280 F.2d 273, cert. denied, 365 U.S. 838, 81 S.Ct. 750, 5 L.Ed.

2d 547; United States v. Bando, 2 Cir., 244 F.2d 833, cert. denied, 355 U.S. 844, 78 S. Ct. 67, 2 L.Ed.2d 53; Symons v. United States, 9 Cir., 178 F.2d 615, cert. denied, 339 U.S. 985, 70 S.Ct. 1006, 94 L.Ed. 1388.

We therefore hold that the period of detention between 11:00 P.M. on September 30 to 7:00 A.M. the next morning does not involve such an unnecessary delay as to violate A.R.S. § 13-1418.

Appellant asserts that the evidence was insufficient to sustain a verdict of murder in that there was no showing of malice aforethought. Malice aforethought is defined in A.R.S. § 13-451, subd. B:

"Malice aforethought may be express or implied. It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature. It is implied when no considerable provocation appears or when the circumstances attending the killing show an abandoned and malignant heart."

Malice aforethought is a question of fact to be determined by the jury under proper instruction. State v. Preis, 89 Ariz. 336, 362 P.2d 660; Bennett v. State, 15 Ariz. 58, 136 P. 276. Considering the evidence in a light most favorable to the state, as we here must do, Macias v. State, 36 Ariz. 140, 283 P. 711, there is ample evidence to support a jury finding of either

express or implied malice. The use of a deadly weapon would allow the jury to find an express malice. State v. Preis, supra. Where there is evidence of an intention to do great bodily harm, malice may be found. Bennett v. State, supra. In his statement appellant said:

"I cut at him to hurt him. I already told them that I didn't want to fight. I took out my knife, with the intention of hurting him."

The jury could have found under the peculiar facts of this case that there was no considerable provocation for the killing and hence implied malice. A.R.S. § 13–451, supra. Such evidence would support and supply the necessary element of malice aforethought. Although the testimony was in conflict as to the exact facts surrounding the struggle itself, this Court is not concerned with mere conflict of evidence if there is substantial evidence in support of the verdict and judgment below. State v. Gutierrez, 81 Ariz. 377, 306 P.2d 634; Id., 82 Ariz. 21, 307 P.2d 914, appeal dismissed, certiorari denied, 355 U.S. 17, 78 S.Ct. 79, 2 L.Ed.2d 23.

■ Appellant assigns as error the trial court's refusal to instruct concerning threats. Since there was no instruction of this nature ever actually offered, nor any refusal to so instruct, nor any objection, there is no question presented to this Court for consideration. State v. Evans, 88 Ariz. 364, 356 P.2d 1106.

Finding no error, the judgment is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and JENNINGS and LOCKWOOD, JJ., concur.