521 P.2d 998

**STATE of Arizona, Appellee,**

v.

**Stanley E. FLOWERS, Appellant.**

**No. 2852.**

Supreme Court of Arizona,
In Banc.

May 2, 1974.

Gary K. Nelson, Atty. Gen., by Frank T. Galati, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by John Foreman, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

The defendant, Stanley E. Flowers, was tried and convicted of the crime of robbery. By this appeal he challenges that conviction and raises the single issue that there was not sufficient evidence to support the verdict of the jury.

The evidence presented at trial disclosed that the defendant was identified by the victim as one of the four persons who robbed him. Additionally, there was evidence that within three hours after the robbery the defendant was identified as the person in possession of a credit card belonging to the victim, and the defendant attempted to use the credit card to purchase some clothing. When the difference in his signature and that of the victim's on the credit card was challenged the defendant left the premises.

The defense offered the defense of alibi and called a witness who testified that the defendant was present at her home during the time of the alleged robbery and that the defendant remained at this location for several hours after the time of the robbery. The defendant himself did not take the stand.

The issue concerning the identity of the defendant as the robber was a question of fact which was properly submitted to the jury. State v. Murray, 106 Ariz. 150, 472 P.2d 19 (1970). Where the evidence is conflicting this Court will uphold the verdict of the jury if there is substantial evidence in support of the verdict. State v. Rivera, 94 Ariz. 45, 381 P.2d 584 (1963). The evidence will be considered in the light most favorable to sustaining the verdict of the jury. State v. Rivera, *supra*; State v. Duncan, 105 Ariz. 426, 466 P.2d 380 (1970).

From our review of the evidence we find that there is substantial evidence to support the finding of the jury. It must also be noted that the defendant was identified as being in possession of the fruit of the robbery within a matter of three hours after the event, and the unexplained possession of recently stolen property has been held to give rise to an inference that the possessor committed the theft. State v. Jackson, 101 Ariz. 399, 420 P.2d 270 (1966). While the rule has found most frequent application in prosecutions for burglary and theft it has also been applied in cases of robbery. State v. Langley, Me., 242 A.2d 688 (1968); Commonwealth v. Wilson, 394 Pa. 588, 148 A.2d 234 (1959); Whippler v. State, 218 Ga. 198, 126 S.E.2d 744 (1962); State v. Bell, 270 N.C. 25, 153 S.E.2d 741 (1967); People v. Carvin, 20 Ill.2d 32, 169 N.E.2d 260 (1960); Cruz v. People, 147 Colo. 528, 364 P.2d 561 (1961); People v. Yates, 165 Cal.App.2d 489, 332 P.2d 314 (1958).

The *identification of the defendant* by the victim as one of the robbers, and the possession by the defendant of property recently taken in the robbery present substantial evidence which supports the verdict of the jury.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER, and LOCKWOOD, JJ., concur.