NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JAMES ROBINSON, *Appellant*.

No. 1 CA-CR 17-0805
FILED 9-27-2018

Appeal from the Superior Court in Maricopa County
No.  CR 2016-002571-001
The Honorable Dean M. Fink, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Colin F. Stearns
*Counsel for Appellant*

James Robinson, San Luis
*Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge James P. Beene joined.

---

**C A M P B E L L**, Judge:

**¶1**        James Robinson appeals his conviction and sentence for one count of sale or transportation of narcotic drugs. After searching the entire record, Robinson's defense counsel identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asked this Court to search the record for fundamental error. Robinson was granted an opportunity to file a supplemental brief *in propria persona* and did so. After reviewing the entire record, we reject the arguments raised in Robinson's supplemental brief and find no error. Accordingly, Robinson's conviction and sentence are affirmed.

**BACKGROUND**

**¶2**        In the afternoon of October 14, 2015, an undercover detective with the Phoenix Police Department stopped his unmarked vehicle at the corner of 13th Avenue and Pima Street in Phoenix and waved to a group of males standing nearby.[1] An older African-American man wearing black-and-white checkered shorts approached the vehicle. The detective stated he "was looking for some rock," or crack cocaine. When the man asked how much, the detective said he "wanted a dub," or $20 worth. The man in the checkered shorts walked over to an individual, retrieved an item, and returned to the vehicle with an off-white-colored rock the detective recognized as crack cocaine. The detective paid the man $20, denied the man's request for "a hit," and left the area. A second detective passing by shortly thereafter also saw an older African-American man wearing black-and-white plaid or checkered shorts on the corner.

---

[1] "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996).

¶3 Fifteen minutes later, a uniformed officer canvassed the area attempting to locate and identify the man who completed the drug transaction. The officer contacted an older African-American man in black-and-white plaid shorts walking in the street nearby. The man gave his name as James Robinson. Both the officer and the undercover detective confirmed the man they contacted was the same man depicted in Robinson's driver's license photo.

¶4 Robinson was indicted on one count of sale or transportation of narcotic drugs. At trial, a forensic scientist confirmed the substance the detective purchased was 191.6 milligrams of cocaine base, or crack cocaine, which the parties stipulated is a narcotic drug.

¶5 Following an unsuccessful motion for judgment of acquittal, the jury convicted Robinson as charged. At a separate trial on prior convictions, the State presented certified records and fingerprint evidence to verify Robinson's prior felony convictions. The superior court then sentenced Robinson as a non-dangerous, repetitive offender to the minimum sentence of 10.5 years' imprisonment and credited him with 239 days of presentence incarceration.

## DISCUSSION

¶6 Within his supplemental brief, Robinson argues insufficient evidence supports his conviction and, therefore, his sentence is excessive and illegal.[2] When reviewing the sufficiency of the evidence, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cox*, 217 Ariz. 353, 357, ¶ 22 (2007) (citation omitted). Therefore, we will affirm a conviction so long as "substantial evidence supports the jury's verdict, viewing the facts in the light most favorable to sustaining the jury verdict." *Id.* (citation omitted). Substantial evidence may exist even where conflicting evidence is presented. *See State v. Flowers*, 110 Ariz. 566, 567 (1974).

¶7 A person is guilty of sale or transport of a narcotic drug if he "knowingly . . . [t]ransport[s] for sale, . . . offer[s] to transport for sale . . . , sell[s], transfer[s], or offer[s] to sell or transfer a narcotic drug." A.R.S. § 13-3408(A)(7). Crack cocaine is a narcotic drug. A.R.S. § 13-3401(20)(bb) (defining "narcotic drug" to include "any substance neither chemically nor

---

[2] We have received Robinson's motion for substitution of counsel and to proceed in propria persona. It is ordered denying the motion.

physically distinguishable from . . . coca leaves," whether "of natural or synthetic origin"). The record contains sufficient evidence upon which the jury could determine beyond a reasonable doubt that Robinson knowingly sold the undercover detective $20 worth of crack cocaine and was therefore guilty of sale or transport of a narcotic drug. Additionally, Robinson's sentence was within the statutory range.[3] A.R.S. § 13-703(C), (J). Accordingly, we find no error in the conviction or sentence.

**¶8**        Robinson argues the indictment was insufficient to apprise him of the nature and cause of the accusations against him. An indictment is "a plain, concise statement of the facts sufficiently definite to inform the defendant of a charged offense." Ariz. R. Crim. P. 13.1(a); *accord State v. Schwartz*, 188 Ariz. 313, 319 (App. 1996). "Each count of an indictment or information must state the official or customary citation of the statute . . . the defendant allegedly violated." Ariz. R. Crim. P. 13.1(d). The purpose of the indictment is simply to provide notice of the charges, however, and it need not detail the prosecution's theory of the case. *Schwartz*, 188 Ariz. at 319-20. The indictment here accuses Robinson of knowingly selling or transporting the narcotic drug crack cocaine in violation of A.R.S. § 13-3408 on or about October 14, 2015. Nothing more was required, and we find no error.

**¶9**        Robinson argues the statutory definition of "narcotic drug" is unconstitutionally vague and does not include crack cocaine. We disagree. Coca leaves are a narcotic drug and include "cocaine, its optical isomers and any compound, manufacture, salt, derivative, mixture or preparation of coca leaves." A.R.S. § 13-3401(5), (20)(bb). This definition plainly includes crack cocaine, *see United States v. Pierce*, 893 F.2d 669, 676 (5th Cir. 1990) ("Cocaine base is merely an isomer of cocaine.")—a fact Robinson stipulated to at trial.

**¶10**        Finally, Robinson argues he was not tried before "a properly constituted jury" because the pool of seventy potential jurors contained only two African-American individuals and did not accurately represent

---

[3] The record reflects Robinson was arrested and incarcerated on April 7, 2017, and held until sentencing on December 1, 2017, for a total of 238 days of presentence incarceration. Although the trial court erroneously gave Robinson credit for 239 days of presentence incarceration, the error is in Robinson's favor and is, therefore, not fundamental because it did not prejudice him. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19–20 (2005) (explaining fundamental error is error that both goes to the foundation of the case and prejudices the defendant).

the racial makeup of his community. We will not reverse a conviction based upon irregularities in the selection of a jury, however, if a fair and impartial jury was ultimately secured. *See* Ariz. R. Crim. P. 18.4(a) (noting "[a] party may challenge the panel on the ground that its selection involved a material departure from the requirements of law," but "must be in writing, specify the factual basis for the challenge, and make a showing of prejudice to the party"); *State v. Thomas*, 133 Ariz. 533, 537 (1982) ("[A]bsent some showing of abuse and resulting prejudice, Rule 18.4(a) does not require reversal so long as a party's right to an impartial jury is not impaired."). Robinson does not allege, let alone demonstrate, that the jurors ultimately selected could not or did not render a fair and impartial verdict, and we find no error.

**¶11**        Further review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Robinson was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of twelve jurors, and the record shows no evidence of jury misconduct. *See* Ariz. Const. art. 2, § 23; A.R.S. § 21-102(A); Ariz. R. Crim. P. 18.1(a). The superior court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Robinson's presumption of innocence. At sentencing, Robinson was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences.[4] *See* Ariz. R. Crim. P. 26.9, 26.10.

**CONCLUSION**

**¶12**        Robinson's convictions and sentences are affirmed.

---

[4] Although the record does not contain a presentence report, it is apparent the superior court ordered the report and that both the court and the parties received and considered the report, as well as the mitigation report submitted by Robinson, in advance of the sentencing hearing. Under these circumstances, the absence of the presentence report in the appellate record does not amount to fundamental error. *See State v. Maese*, 27 Ariz. App. 379, 379-80 (1976); *see also* Ariz. R. Crim. P. 26.4(c) (requiring the presentence report to be "delivered to the sentencing judge and to all counsel" but not filed).

¶13 Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Robinson of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Robinson has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA