NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PATRICK DULIN, *Appellant.*

No. 1 CA-CR 18-0044
FILED 11-29-2018

Appeal from the Superior Court in Maricopa County
No. CR2015-143961-001
The Honorable Colleen L. French, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jon W. Thompson joined.

**J O N E S**, Judge:

**¶1**        Patrick Dulin appeals his conviction and sentence for one count of shoplifting with two or more predicate offenses.  After searching the entire record, Dulin's defense counsel identified no arguable question of law that was not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asked this Court to search the record for fundamental error.  Dulin was granted an opportunity to file a supplemental brief *in propria persona* and did so.  After reviewing the entire record, we reject the arguments raised in Dulin's supplemental brief, and we find no error.  Accordingly, Dulin's conviction and sentence are affirmed.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        On August 10, 2015, Dulin walked into a Walmart in Chandler, took a laptop computer from a display case, and left the store with it.[1]  The next day, a Walmart loss prevention officer reviewed security footage and recognized the man who took the laptop as Dulin, a "regular customer in the store."  He reported the theft to the Chandler Police Department.  The assigned officer also recognized Dulin, whom he had known for approximately thirty years, as the man in the surveillance video.  After being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 468-70 (1966), Dulin denied stealing the laptop but questioned why "wouldn't something like [the laptop] be locked down."

**¶3**        Dulin was indicted for one count of shoplifting with two or more predicate offenses.  At trial, the officers identified Dulin as the man who stole the laptop from Walmart.  The prosecution played the video of Dulin stealing the laptop for the jury as the police officer narrated and presented still photographs, taken from the surveillance video, along with

---

[1]        "We view the facts in the light most favorable to sustaining the conviction[] with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, ¶ 2 n.2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

photos of Dulin at the time of the theft for comparison. The State also admitted records of Dulin's 2013 and 2014 shoplifting convictions.

¶4 Dulin moved unsuccessfully for a directed verdict, and the jury convicted him as charged. Outside the presence of the jury, Dulin admitted having been convicted of four prior felony offenses. After an unsuccessful motion for new trial, the trial court sentenced him as a non-dangerous, repetitive offender to the minimum term of eight years' imprisonment and credited him with 856 days of presentence incarceration. Dulin timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] 13-4031, and -4033(A)(1).

## DISCUSSION

### I. Admission of Surveillance Tape

¶5 Within his supplemental brief, Dulin argues the trial court erred by not admitting a tape of his entire interview with police. Generally, we review evidentiary rulings for an abuse of discretion, *State v. Tucker*, 215 Ariz. 298, 313, ¶ 46 (2007) (citing *State v. McGill*, 213 Ariz. 147, 154, ¶ 30 (2006), but "we cannot require trial judges *sua sponte* to rule on issues not raised before them." *State v. Cannon*, 148 Ariz. 72, 76 (1985). The record shows that Dulin presented the interview excerpts to the jury and his attorney specifically placed the excerpts in context of the whole interview. Upon this record, we find no reversible error.

### II. Sufficiency of the Evidence

¶6 Dulin argues the State presented insufficient evidence to support his conviction. Specifically, Dulin argues he is not the man in the surveillance video.[3]

¶7 When reviewing the sufficiency of the evidence, "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Cox*, 217 Ariz. 353, 357, ¶ 22 (2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319

---

[2] Absent material changes from the relevant date, we cite the current version of statutes and rules.

[3] Dulin also argues the man in the surveillance video could not be him because that man in the video did not have any neck tattoos. However, this argument is not supported by the record.

(1979)). Therefore, we will affirm a conviction so long as "substantial evidence supports the jury's verdict, viewing the facts in the light most favorable to sustaining the jury verdict." *Id.* (quotation omitted). Substantial evidence may exist even where conflicting evidence is presented. *See State v. Flowers*, 110 Ariz. 566, 567 (1974) (citing *State v. Rivera*, 94 Ariz. 45, 50 (1963)).

**¶8**        A person is guilty of shoplifting with two or more predicate offenses if he, while in a place that sells merchandise, "knowingly obtains such goods of another with the intent to deprive that person of such goods by . . . removing any of the goods from . . . within the establishment without paying the purchase price," and has "previously committed or been convicted within the past five years of two or more offenses involving burglary, shoplifting, robbery, organized retail theft or theft." A.R.S. § 13-1805(A)(1), (I). The record contains sufficient evidence upon which the jury could determine beyond a reasonable doubt that Dulin stole a laptop from Walmart and had committed two predicate offenses. Dulin's suggestion that the officers misidentified him presents a question of credibility left entirely to the jury. *See State v. Bustamante*, 229 Ariz. 256, 258, ¶ 5 (App. 2012) ("The credibility of witnesses and the weight given to their testimony are issues for the jury, not the court.").

### III.    Juror Misconduct

**¶9**        Dulin argues that the jurors committed misconduct when they used a computer to zoom in on a still photo from the surveillance video. A jury may experiment with evidence "so long as those experiments 'do not go beyond the lines of evidence introduced into court and thus constitute the introduction of new evidence in the jury room.'" *State v. Gomez*, 211 Ariz. 111, 113, ¶ 8 (App. 2005) (citing *Rossel v. Volkswagen of Am.*, 147 Ariz. 160, 172 (1985)). However, jurors using technology to "enhance[] . . . visual acuity . . . is not experimentation unless there is some indication that the [technology] produced additional evidence." *Id.* (citing *State v. Griffin*, 116 N.M. 689, 696 (1993)).

**¶10**        The record reflects that the jurors only used the computer to magnify a still photo from the surveillance video. There is no indication that the jurors experimented with the photo to distort the evidence or to create new evidence. Accordingly, we find no evidence of juror misconduct.

## IV.  Unwritten Plea Offer

¶11  Dulin argues that he never received a written plea offer from the State.  While plea agreements "shall be reduced to writing," Ariz. R. Crim. P. 17.4(b), the State is not required to make any plea offer and the offer itself need not be in writing, *see Rivera-Longoria v. Slayton*, 228 Ariz. 156, 159, ¶ 13 (2011) ("The prosecution retains discretion to determine whether to make a plea offer . . . and the other particulars of plea bargaining."); *State v. Darelli*, 205 Ariz. 458, 465, ¶ 25 (App. 2003) ("The State is not required to extend any plea offer.  The defendant is free to accept or reject any offer that is made.").  Moreover, the record reflects Dulin rejected the State's plea offer after receiving a *Donald* advisement.  *See State v. Donald*, 198 Ariz. 406 (App. 2000).  Accordingly, Dulin fails to show error on this basis.

## V.  Timeliness of Sentencing

¶12  Finally, Dulin argues he was not timely sentenced for the offense.  Trial courts must sentence convicted defendants "no less than 15 nor no more than 30 days after the determination of guilt." Ariz. R. Crim. P. 26.3(a)(1).  Rule 26.3(b) gives courts discretion to continue sentencing for good cause, "but the new date should be no later than 60 days after the determination of guilt."  *See also State v. Cornwall*, 114 Ariz. 502, 504 (App. 1976) (finding that when both parties agree upon, and courts find good cause to grant, time extensions before sentencing, it is not reversible error to do so).  Here, although Dulin was sentenced more than sixty days after the determination of guilt, the delay was not reversible error because it was requested by Dulin.  Dulin filed two unopposed motions to continue sentencing in order to investigate his claim of juror misconduct and prepare his motion for new trial.  Although the motion for new trial was ultimately unsuccessful, Dulin's requested delay in sentencing did not prejudice him.  *See State v. Young*, 112 Ariz. 361, 363 (1975) (citing *State v. Smith*, 112 Ariz. 208, 209 (1975) (finding no error in continuing sentencing when the defendant showed no prejudice).  Therefore, we find no reversible error.

## VI.  Fundamental Error Review

¶13  Further review reveals no fundamental error.  *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").  All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  So far as the record reveals, Dulin was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial and the verdict.  *See*

*State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of eight jurors, and the record shows no evidence of juror misconduct. *See* A.R.S. § 21-102(B); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury regarding the elements of the charged offenses, the State's burden of proof, and the presumption of Dulin's innocence. At sentencing, Dulin was given an opportunity to speak, and the court stated upon the record both the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, Dulin's sentence was within the statutory range.[4] A.R.S. § 13-703(C), (J).

**CONCLUSION**

**¶14**        Dulin's conviction and sentence are affirmed.

**¶15**        Defense counsel's obligations pertaining to Dulin's representation in this appeal have ended. Defense counsel need do no more than inform Dulin of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶16**        Dulin has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Dulin thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[4]        The record shows Dulin served 855 days of presentence incarceration. Although the trial court erroneously awarded Dulin an extra day of credit, the error is not fundamental because it did not prejudice him. *See State v. Escalante*, 245 Ariz. 135, 142, ¶ 21 (2018) (citing *State v. Henderson*, 210 Ariz. 561, 567-68, ¶¶ 19-20 (2005)).